NANCY CAROL LOVE FORMERLY NANCY LOVE MILLS v. FRANK WILLIAM MOORE AND NATIONWIDE MUTUAL INSURANCE COMPANY

No. 158A81

(Filed 4 May 1982)

1. **Appeal and Error § 6.1— denial of motion to strike—premature appeal**

    The denial of a motion to strike an order vacating a default judgment is interlocutory, does not affect a substantial right within the meaning of G.S. 1-277 and is not immediately appealable.

2. **Appeal and Error § 6.1; Rules of Civil Procedure § 12— challenges to sufficiency of service and process—premature appeal**

    Unlike an adverse ruling on a motion to dismiss for lack of personal jurisdiction, Rule 12(b)(2), adverse rulings on challenges to the sufficiency of the service, Rule 12(b)(5), and the sufficiency of the process, Rule 12(b)(4), are not immediately appealable. G.S. 1-277(b).

3. **Appeal and Error § 40— writ of certiorari from Court of Appeals—failure to include in record**

    Under Rule 9(b)(1)(ix) a record on appeal must contain a showing of the jurisdiction of the appellate court. Therefore, where the Court of Appeals granted a petition for a writ of certiorari, the order was not included in the Record on Appeal and both the Record and Court of Appeals decision indicated the case was before the Court of Appeals by virtue of a notice of appeal only, the writ of certiorari must be treated as if it had never been issued. A document stipulating a writ of certiorari had been filed with and allowed by the Court of Appeals which was filed with the numerous papers transmitted between the Appellate Courts and was not a part of the record proper was insufficient.

ON appeal of right of the decision of the Court of Appeals, one judge dissenting, reported at 54 N.C. App. 406, 283 S.E. 2d 801 (1981), affirming order of *Burroughs, Judge,* entered 9 January 1981 in Superior Court, MECKLENBURG County, denying defendant

Nationwide Mutual Insurance Company's motions to strike an earlier order vacating plaintiff's default judgment and to dismiss the action for lack of personal jurisdiction.

*John D. Warren for plaintiff-appellee.*

*Kennedy, Covington, Lobdell & Hickman, by William C. Livingston, and Franklin V. Adams for defendant-appellant Nationwide Mutual Insurance Company.*

CARLTON, Justice.

I.

The legal issues presented by this appeal can be understood only in the context of the unusual factual circumstances which surround this case.

On 30 October 1970 plaintiff was injured when her 1970 Cadillac automobile collided with a 1956 Chevrolet automobile driven by defendant Frank *Willard* Moore. Moore was insured by defendant Nationwide Mutual Insurance Company (Nationwide), and plaintiff's attorney began settlement negotiations with Nationwide. Efforts to settle proved futile and negotiations were ended without resolution of the claim in October of 1972. At no time during these negotiations was plaintiff or her attorney informed that Moore was insured as an assigned risk, nor were they told that Moore's name was erroneously written on the accident report as Frank *William* Moore. Frank *William* Moore was the name used by plaintiff to refer to Nationwide's insured during the settlement negotiations.

On 29 October 1973 plaintiff filed this action for personal injury and property damages arising from the 30 October 1970 accident and named Frank *William* Moore as the sole defendant. Plaintiff attempted without success to effect personal service on Moore and finally gave notice by publication. The notice referred to the defendant as Frank *William* Moore and gave the date and circumstances of the accident. No notice of the action was given Nationwide by either plaintiff or Moore.

No answer was filed and judgment was entered for plaintiff on 30 April 1975. Plaintiff obtained this judgment by presenting her proof before Judge Thornburg, who sat without a jury.

Love v. Moore

On 31 May 1977 plaintiff sought to enforce the 1975 judgment against Nationwide as Moore's automobile liability insurance carrier. Nationwide defended by claiming that the 1975 judgment was in essence a default judgment which was unenforceable against it because it had not received notice of the action as required by G.S. 20-279.21(f) (Cum. Supp. 1981). That statute prohibits the use, in an action against the insurer, of a default judgment against an assigned risk insured unless the insurer received notice of the action. On 4 March 1980 the Court of Appeals held that the 1975 judgment was a default judgment and that it was unenforceable against the insurer and affirmed the dismissal of the suit against Nationwide. 45 N.C. App. 444, 263 S.E. 2d 337, *cert. denied,* 300 N.C. 198, 269 S.E. 2d 617 (1980). On 25 July 1978, while the case was pending in the Court of Appeals, Moore died. Thereafter, on 10 June 1980, plaintiff successfully moved to vacate the 1975 judgment. It was also ordered that Nationwide be given the statutorily required notice so that it might file a defense or otherwise plead on behalf of its insured. Plaintiff gave the required notice and on 16 July 1980 Nationwide filed motions to intervene, to strike the order vacating the default judgment and to dismiss the action for lack of personal jurisdiction because of improper service on its insured. The trial court granted the motion to intervene but denied the other motions.

Defendant appealed the adverse rulings to the Court of Appeals. That court, in an opinion by Judge Arnold in which Judge Webb concurred, affirmed the trial court's rulings. Judge Vaughn dissented, reasoning that the facts of the case did not justify the relief requested by plaintiff under Rule 60(b)(6).

Defendant appeals to this Court as of right pursuant to G.S. 7A-30(2). This Court is of the opinion that defendant's appeal is premature; therefore, we vacate the decision of the Court of Appeals, dismiss the appeal and remand for the appropriate proceedings.

## II.

The threshold question which should have been considered by the Court of Appeals, although not presented to that court, was whether an immediate appeal lies from the trial court's orders. If an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though

the question of appealability has not been raised by the parties themselves. *Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980); *Dickey v. Herbin*, 250 N.C. 321, 108 S.E. 2d 632 (1959); *Rogers v. Brantley*, 244 N.C. 744, 94 S.E. 2d 896 (1956) (per curiam). In our opinion, this appeal was premature and the case should first run its course in the trial court. Therefore, we neither consider nor address the questions discussed by the Court of Appeals.

Nationwide appeals from two rulings of the trial court: (1) the refusal to strike the order vacating the default judgment and (2) the denial of its motion to dismiss for lack of personal jurisdiction.

Both of these rulings are interlocutory in nature because neither disposes entirely of the cause of action as to all parties and both rulings leave matters for further action by the trial court in order to settle and determine the entire controversy. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950). As a general rule, interlocutory decrees are immediately appealable only when they affect a substantial right of the appellant and will work an injury to him if not corrected before an appeal from a final judgment. *Id.; see* G.S. § 1-277(a) (Cum. Supp. 1981). An interlocutory decree which does not affect a substantial right is reviewable only on appropriate exception upon an appeal from the final judgment in the cause. *Veazey v. City of Durham*, 231 N.C. at 362, 57 S.E. 2d at 382.

[1]   We first consider whether the denial of a motion to strike an order vacating a default judgment affects a substantial right within the meaning of G.S. 1-277. An exception to an order denying a motion to strike an order vacating a default judgment is tantamount to an exception to the entry of the order vacating the default judgment. *Cf. Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978) (order setting aside summary judgment tantamount to denial of summary judgment). An order vacating a default judgment is interlocutory and not immediately appealable because "[n]o right of [defendant] will be lost by delaying [its] appeal until after final judgment . . . ." *Bailey v. Gooding*, 301 N.C. at 210, 270 S.E. 2d at 434. Under the authority of *Bailey*, we hold that defendant's attempted appeal from the setting aside of the default judgment was premature and that it must be dismissed.

Love v. Moore

[2]  That issue, however, is not dispositive of this appeal; defendant also appealed from the trial court's adverse ruling on its motion to dismiss for lack of personal jurisdiction, Rule 12(b)(2), and for insufficiency of service of process, Rule 12(b)(5). Such rulings do not put an end to the action and are unquestionably interlocutory. 2A J. Moore and J. Lucas, *Moore's Federal Practice* ¶ 12.14, at 2338 (2d ed. 1981); C. Wright and A. Miller, *Federal Practice and Procedure* § 1351 (1969). Nor can these rulings be said to "affect a substantial right": defendant's objections to the court's jurisdiction have been preserved and can be fully reviewed on appeal from a final judgment. The delay in hearing the appeal of these rulings will not " 'work injury to appellant if not corrected before appeal from the final judgment,' " *Cole v. Farmers Bank & Trust Co.*, 221 N.C. 249, 251, 20 S.E. 2d 54, 55 (1942) (quoting *Leak v. Covington*, 95 N.C. 193 (1886) ); *accord, Veazey v. City of Durham*, 231 N.C. 357, 57 S.E. 2d 377.

G.S. 1-277(b) provides for "the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of defendant." Here, defendant characterized its Rule 12 motion as one to dismiss for lack of personal jurisdiction. Nothing else appearing, it would seem that G.S. 1-277(b) provides the authority for defendant's appeal.

The true character of defendant's motion, however, is not one attacking personal jurisdiction as contemplated by Rule 12(b)(2). Defendant's motion, although denominated as one challenging the court's jurisdiction over the person of Frank Willard Moore, in reality challenges the sufficiency of the service as contemplated by Rule 12(b)(5) and the sufficiency of the process as contemplated by Rule 12(b)(4). Specifically, Nationwide contended that use of the incorrect middle name in the published notice made the process itself insufficient and that service by publication was unconstitutional under the peculiar facts of this case and, thus, was defective. Again, these challenges are encompassed by Rule 12(b)(4) and Rule 12(b)(5), respectively. A challenge to the court's jurisdiction over the person, Rule 12(b)(2), concerns whether the court has power, *assuming it is properly invoked*, to require the defendant to come into court to adjudicate the claim, a test which has come to be known as "minimum contacts." Challenges to sufficiency of process and service do not concern the state's fundamental power to bring a defendant before its courts for trial; instead

they concern the means by which a court gives notice to the defendant and asserts jurisdiction over him. C. Wright & A. Miller, *supra*, § 1353. G.S. 1-277(b) applies to the state's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint. This is not a mere technical distinction; it has far-reaching substantive effect. If the court has no personal jurisdiction over the defendant, it has no right to require the defendant to come into court. A trial court determination concerning such an important fundamental question is made immediately appealable by G.S. 1-277(b). However, if the court has the jurisdictional power to require that the party defend and the challenge is merely to the process of service used to bring the party before the court, G.S. 1-277(b) does not apply.

Whether this distinction among these grounds should be recognized under G.S. 1-277(b) has never before been addressed by this Court. That statute speaks in terms of jurisdiction over the *person* or *property* of the defendant. The reference to the defendant's property indicates, we think, that the Legislature had in mind jurisdiction *in rem* or *quasi in rem*, theoretical bases for the existence of jurisdiction. Thus, it appears that the statute is concerned with the appealability of an adverse ruling on the court's power to require the defendant to defend the claim. Under our reading of the statute itself, defendant here is not entitled to an immediate appeal.

There are other reasons for so limiting G.S. 1-277(b). The rule forbidding interlocutory appeals is designed to promote judicial economy by eliminating the unnecessary delay and expense of repeated fragmentary appeals and by preserving the entire case for determination in a single appeal from a final judgment. *E.g., Harrell v. Harrell*, 253 N.C. 758, 117 S.E. 2d 728 (1961); *City of Raleigh v. Edwards*, 234 N.C. 528, 67 S.E. 2d 669 (1951). Additionally, appellate courts are almost always better able to decide the legal issues when they have before them a fully developed record. *See Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338. Given these reasons for the rule that interlocutory orders are not appealable, this Court should construe the exceptions to the general rule of non-appealability narrowly.

Construing the exception under G.S. 1-277(b) as applying only to cases involving the court's authority to require the defendant to come into court—whether that authority arises from jurisdiction *in personam, quasi in rem* or *in rem*—will allow immediate appeals concerning only "minimum contacts" questions and will leave for appeals from final judgment the questions of technical error involving service and process. In the former, the issue is whether the courts of this state have *any* right to force the defendant to a trial; in the latter, the authority to bring the defendant into court is unquestioned, the issue being whether there is any technical error in the attempt of the plaintiff to invoke that jurisdiction. Allowing an immediate appeal only for "minimum contacts" jurisdictional questions precludes premature appeals to the appellate courts about issues of technical defects which can be fully and adequately considered on an appeal from final judgment, while ensuring that parties who have less than "minimum contacts" with this state will never be forced to trial against their wishes. Because this interpretation promotes judicial economy and protects the constitutional rights of foreign defendants, we believe that it is the most reasonable interpretation of G.S. 1-277(b) and hold that the right of immediate appeal of an adverse ruling as to jurisdiction over the person, under that statute, is limited to rulings on "minimum contacts" questions, the subject matter of Rule 12(b)(2). We recognize that the Court of Appeals has construed G.S. 1-277(b) as applying to adverse rulings on service and process, see *Kahan v. Longiotti,* 45 N.C. App. 367, 263 S.E. 2d 345, *cert. denied,* 300 N.C. 374, 267 S.E. 2d 675 (1980); *Smith v. American Radiator & Standard Sanitary Corp.,* 38 N.C. App. 457, 248 S.E. 2d 462, *cert. denied,* 296 N.C. 586, 254 S.E. 2d 33 (1978); *Van Buren v. Glasco,* 27 N.C. App. 1, 217 S.E. 2d 579 (1975), and to the extent that these decisions are inconsistent with our interpretation, they are hereby overruled.

Defendant here challenged the sufficiency of the process itself and the sufficiency of the service to give notice. These objections fall within the ambit of Rule 12(b)(4) and Rule 12(b)(5), respectively. Because defendant made no claim that its insured had no "minimum contacts" with this state, (indeed, it appears that it could not make such a claim) the trial court's ruling is not one concerning its jurisdiction over the person and is interlocutory and not immediately appealable.

Finding as we have that the rulings from which defendant seeks to appeal are interlocutory and that there exists no statutory right to an immediate appeal, we must dismiss the appeal as premature even though the issue of appealability was not raised by the parties.

The Court of Appeals, therefore, erred by not dismissing the appeal *ex mero motu*. The cause must be returned to the trial court for trial on the merits. Any procedural matters about the issues which defendant attempted to raise in this purported appeal may later be considered on appeal of this cause in its entirety should the matter again be brought before the appellate division.

The decision of the Court of Appeals is vacated and this cause is remanded to it with instructions that it enter an order dismissing the appeal.

Vacated and remanded.[1]

---

**[3]**　1. Within the twenty-day period for certification of this opinion under Rule 32(b) of the Rules of Appellate Procedure, counsel for defendant Nationwide contacted the clerk of this Court to advise that a writ of certiorari had been granted by the Court of Appeals prior to its hearing of the appeal. We immediately withdrew our opinion in order to address this concern. Our search of the numerous papers transmitted by the clerk of the Court of Appeals to the clerk of this Court has uncovered a document signed by the parties which stipulated that defendant filed a petition for a writ of certiorari on 28 January 1981 and that the Court of Appeals allowed the petition by order dated 18 February 1981. However, this order was not included in the Record on Appeal filed with this Court or with the Record on Appeal filed with the Court of Appeals, nor was the actual order transmitted to this Court. No motion for addendum to the Record was made. It is incumbent upon counsel for appellant to ensure that all matters necessary for proper disposition of an appeal are included in the Record on Appeal. *E.g., Mooneyham v. Mooneyham,* 249 N.C. 641, 107 S.E. 2d 66 (1959). Rule 9(b)(1)(ix) requires that the record on appeal contain a showing of the jurisdiction of the appellate court. All that appears in the Record before us is the notice of appeal given by defendant on 9 January 1981 from the trial court to the Court of Appeals. The Record includes a stipulation that the Record is composed of all the materials to which the stipulation is attached, none of which mentions the issuance of a writ of certiorari by the Court of Appeals. In short, there is absolutely nothing in the record proper to indicate to us that the matter was before the Court of Appeals by virtue of any action other than a notice of appeal. The issuance of a writ of certiorari was not mentioned in *any* brief by either party, both here and in the Court of Appeals, nor was that fact mentioned on oral argument before this Court. Counsel has simply failed to present this appeal in any posture other than that addressed by our opinion, namely, an appeal of right.

Moreover, it is particularly significant to note that both the Court of Appeals' majority and dissent treated this appeal as an ordinary appeal from the trial court. The majority opinion states, "From denial of those motions, defendant appeals." The dissent states, "The order from which defendant *appeals* should be reversed." (Emphasis added.)

Since counsel presented the matter to us as an appeal and since the Court of Appeals addressed the case as an appeal, our opinion above remains unchanged. For the reasons heretofore given, this Court cannot take notice of the hidden writ of certiorari and must treat this appeal as though the writ had never been issued.