WALTER W. SIGMAN, JR. v. R. R. TYDINGS, INC., A CORPORATION

No. 815DC1428

(Filed 2 November 1982)

**Appeal and Error § 6.1; Rules of Civil Procedure § 12— challenges to sufficiency of service of process—premature appeal**

　　An appeal from the denial of defendant's Rule 12(b) motion to dismiss for insufficient service and lack of jurisdiction over the person was interlocutory and not immediately appealable. The issues on appeal were whether an alias

and pluries summons may be issued when there was no attempt to serve the original summons, and whether a complaint may be amended before it is served, and under the decision in *Love v. Moore*, 305 N.C. 575 (1982) the appeal must be dismissed as interlocutory "even though the question of appealability [was] not raised by the parties themselves." G.S. 1-277(b).

APPEAL by defendant from *Rice, Judge.* Judgment filed 30 October 1981 in District Court, NEW HANOVER County. Heard in the Court of Appeals 19 October 1982.

*Stevens, McGhee, Morgan & Lennon, by Robert A. O'Quinn, for defendant appellant.*

*Block & Trask, by Franklin L. Block, for plaintiff appellee.*

BECTON, Judge.

This is an appeal from the denial of defendant's Rule 12(b) motion to dismiss for insufficient service and lack of jurisdiction over the person. The issues on appeal are whether an alias and pluries summons may be issued when there was no attempt to serve the original summons, and whether a complaint may be amended before it is served.

Being bound by our Supreme Court's decision in *Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982), which was decided after the case *sub judice* was filed in this Court, we dismiss the appeal as interlocutory "even though the question of appealability has not been raised by the parties themselves." *Love*, 305 N.C. at 577-78, 291 S.E. 2d at 144.

It is true that G.S. 1-277(b) allows an immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of defendant. In this case, however, as in the *Love* case, the "[d]efendant's motion, although denominated as one challenging the court's jurisdiction over the person . . . , in reality challenges the sufficiency of the service as contemplated by Rule 12(b)(5) and the sufficiency of the process as contemplated by Rule 12(b)(4)." *Love*, 305 N.C. at 579, 291 S.E. 2d at 145. The following language from *Love* seems dispositive of this appeal:

A challenge to the court's jurisdiction over the person, Rule 12(b)(2), concerns whether the court has power, *assuming it is properly invoked*, to require the defendant to come into court

to adjudicate the claim, a test which has come to be known as 'minimum contacts.' Challenges to sufficiency of process and service do not concern the state's fundamental power to bring a defendant before its courts for trial; instead they concern the means by which a court gives notice to the defendant and asserts jurisdiction over him. C. Wright & A. Miller [*Federal Practice and Procedure*] § 1353. G.S. 1-277(b) applies to the state's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint. This is not a mere technical distinction; it has far-reaching substantive effect. If the court has no personal jurisdiction over the defendant, it has no right to require the defendant to come into court. A trial court determination concerning such an important fundamental question is made immediately appealable by G.S. 1-277(b). However, if the court has the jurisdictional power to require that the party defend and the challenge is merely to the process of service used to bring the party before the court, G.S. 1-277(b) does not apply.

*Id.* at 579-80, 291 S.E. 2d at 145 (1982).

Considering the pleadings, and specifically defendant's motion to dismiss, we hold, on the authority of *Love v. Moore*, that defendant's appeal is interlocutory and not immediately appealable. The case is therefore remanded for the appropriate proceedings.

Dismissed.

Judge HEDRICK and Judge WEBB concur.