STYLECO, INC., D/B/A STYLETECH CORPORATION v. STOUTCO, INC.

No. 8228SC538

(Filed 7 June 1983)

**Constitutional Law § 24.7; Process § 14.3— foreign corporation—personal jurisdiction—statutory authority—minimum contacts**

In an action to recover a $26,000 deposit held by defendant foreign corporation pursuant to a contract for defendant to manufacture woodstoves for plaintiff North Carolina corporation, G.S. 55-145(a)(1) and (3) provided the statutory basis for the exercise of personal jurisdiction over defendant, and defendant had sufficient contacts with this State so that the exercise of personal jurisdiction over it did not offend due process, where plaintiff presented affidavits that the contract was signed in North Carolina; the parties stipulated that some of the stoves manufactured by defendant were to be sold and used in North Carolina; the contract required plaintiff to send defendant glass and blowers each month for use in manufacturing the stoves; two prototypes of the stoves were to be sent to plaintiff in North Carolina for its approval; and the contract contained a sentence anticipating a "long, profitable relationship" between the parties.

APPEAL by defendant from *Friday, Judge.* Judgment entered 25 January 1982 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 April 1983.

Plaintiff brought this action to recover a $26,000.00 deposit held by defendant. Defendant moved to dismiss the action for lack of personal jurisdiction under G.S. 1A-1, Rule 12(b)(2). The following evidence was presented at the hearing.

Plaintiff is a North Carolina corporation with its principal place of business in Asheville, North Carolina. Defendant is a metal fabricating business with principal places of business in Indiana and Michigan. In April 1980, plaintiff and defendant entered into a contract for defendant to manufacture wood stoves for plaintiff. Plaintiff gave defendant a deposit of $26,000.00. The contract, which defendant mailed to plaintiff, provided that plaintiff send defendant glass and blowers every month, defendant would build the stoves, and plaintiff would sell them. Defendant agreed to make two prototype stoves and send them to Asheville, North Carolina for plaintiff's approval. One stove would be retained by plaintiff, and the other would be kept by defendant. All the stoves for sale were to be shipped to plaintiff F.O.B. defendant's plant. Two of defendant's employees said they saw David

McElyea, plaintiff's vice-president, sign the contract in defendant's office in Indiana. McElyea, however, said he signed the contract in North Carolina. The contract concluded with the sentence: "Here's to a long, profitable relationship for both of us." The parties stipulated that "at the time the parties contracted as set forth in Plaintiff's complaint, it was contemplated by them that some of the goods to be produced by Defendant were to be sold and used in the State of North Carolina."

The trial judge denied defendant's motion to dismiss.

*Robert J. Deutsch, for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes and Davis, by Albert L. Sneed, Jr., and Shelley M. Pew, for defendant appellant.*

VAUGHN, Chief Judge.

G.S. 1-277(b) provides for "the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant. . . ." This allows immediate appeals concerning only "minimum contacts" questions: the question of whether the courts of this state have the authority to require defendant to defend the claim. *Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982). This question involves a two-fold determination: whether the North Carolina statutes permit the courts of this jurisdiction to entertain this action against defendant, and, if so, whether this exercise of jurisdiction violates due process. *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231 S.E. 2d 629 (1977). *See* Annot., 20 A.L.R. 3d 1201 (1968).

The general statutory basis for jurisdiction is in G.S. 1-75.4. The specific statute which provides grounds for jurisdiction in this case is G.S. 55-145, which provides, in pertinent part:

(a) Every foreign corporation shall be subject to suit in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

(1) Out of any contract made in this State or to be performed in this State; or

. . .

> (3) Out of the production, manufacture, or distribution of
> goods by such corporation with the reasonable expectation
> that those goods are to be used or consumed in this State
> and are so used or consumed, regardless of how or where the
> goods were produced, manufactured, marketed, or sold or
> whether or not through the medium of independent contrac-
> tors or dealers. . . .

Plaintiff has the initial burden of showing the existence of
jurisdiction, the burden is met by a *prima facie* showing that
jurisdiction is conferred by the statute. *See Bryson v. Northlake
Hilton*, 407 F. Supp. 73 (M.D.N.C. 1976); *Hankins v. Somers*, 39
N.C. App. 617, 251 S.E. 2d 640, *review denied*, 297 N.C. 300, 254
S.E. 2d 920 (1979). Plaintiff has met this burden by showing that
both G.S. 55-145(a)(1) and G.S. 55-145(a)(3) were satisfied by its af-
fidavits showing that the contract was signed in North Carolina,
and the parties' stipulation that some of the stoves were to be
sold and used in North Carolina.

As well as a statutory basis, jurisdiction by the courts of
North Carolina must not offend due process in violation of the
Fourteenth Amendment to the United States Constitution.

> [D]ue process requires only that in order to subject a defend-
> ant to a judgment in personam, if he be not present within
> the territory of the forum, he have certain minimum contacts
> with it such that the maintenance of the suit does not offend
> "traditional notions of fair play and substantial justice."

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154,
90 L.Ed. 95 (1945). The application of this rule varies with the
quality and nature of defendant's activity, but it is essential that
there be some act by which defendant purposefully avails itself of
the privilege of conducting activities within the forum state, thus
invoking the benefits and protections of its laws. *Hanson v.
Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 2d 1283 (1958). *Ac-
cord, United Buying Group v. Coleman*, 296 N.C. 510, 251 S.E. 2d
610 (1979); *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 231
S.E. 2d 629 (1977); *Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E.
2d 676 (1974); *Goldman v. Parkland*, 277 N.C. 223, 176 S.E. 2d 784
(1970).

Defendant argues that it does not have sufficient minimum
contacts to satisfy due process. To support this contention it

relies on two federal court decisions, *Staley v. Homeland, Inc.*, 368 F. Supp. 1344 (E.D.N.C. 1974), and *Bowman v. Curt G. Joa*, 361 F. 2d 706 (4th Cir. 1966), where the defendants' motions to dismiss for lack of personal jurisdiction were granted. Defendant contends that the facts of this case are similar to the facts in *Staley* and *Bowman*, and they should be controlling. In those cases, however, the defendants had far fewer contacts with North Carolina than defendant Stoutco has in this case. In *Staley*, the plaintiffs were two military servicemen who had previously been stationed in Pensacola, Florida but were stationed in North Carolina at the time they brought the lawsuit. Defendant, a Florida corporation, had sold each of the plaintiffs a mobile home. The plaintiffs alleged that defendant had made fraudulent misrepresentations to induce them to buy the mobile homes. Defendant's motion to dismiss for lack of personal jurisdiction was granted because the contracts were made in Florida, and were completely performed in Florida when they were subsequently assigned to a bank. The defendant had absolutely no contacts in North Carolina, the mere likelihood that the servicemen would be stationed in North Carolina, and would bring the mobile homes with them to North Carolina, was not sufficient to satisfy due process. In *Bowman*, the appellant, a North Carolina corporation, had a contract to buy a machine from appellee, a Wisconsin corporation, to be shipped F.O.B. appellee's plant. Appellee allegedly breached the contract. The District Court granted appellee's motion to dismiss for lack of personal jurisdiction, and the Fourth Circuit Court of Appeals affirmed, holding that appellee's two contacts with North Carolina were insufficient to satisfy due process. One contact consisted of a contract, at least a year before appellant's contract was entered into, with a North Carolina furniture company for engineering consulting which was not shown to have been performed in North Carolina and was totally unrelated to appellant's contract. The second contact was the contract with appellant which was a single-item sales contract and performance was not in North Carolina; the machine was to be manufactured in Wisconsin and shipped F.O.B. seller's plant.

This case, however, is different from *Staley* and *Bowman* in that it was for a large amount of goods, and the manufacturing process was, in essence, a joint undertaking between the parties. If these elements were absent, this case would be similar to

*Phoenix America Corp. v. Brissey,* 46 N.C. App. 527, 265 S.E. 2d 476 (1980). In *Phoenix,* plaintiff, a North Carolina corporation, alleged that defendants, South Carolina residents, ordered ten fireplace inserts. Plaintiff shipped the goods, defendants issued a check, and defendants subsequently stopped payment on the check. Plaintiffs brought the action in North Carolina, and defendants' motion to dismiss for lack of personal jurisdiction was denied by the District Court. In reversing the District Court, this Court held that defendants did not have minimum contacts with North Carolina because the facts tended to show that they had not been in North Carolina for two years, the sale was initiated by plaintiff's agent who lived in South Carolina, the contract was accepted in South Carolina, the stoves were delivered to South Carolina, they were accepted in South Carolina, and payment was tendered in South Carolina. *Phoenix* is a good example of the situation where a defendant obviously does not have minimum contacts with the forum state. In this case, however, defendant had more contact with North Carolina than the defendant in *Phoenix.* The evidence indicates defendant had sufficient minimum contacts in North Carolina to satisfy due process: according to plaintiff the contract was signed in North Carolina; plaintiff was to ship the components to defendant from North Carolina; the prototypes were to be shipped to North Carolina; the parties contemplated that some of the stoves would be sold and used in North Carolina; and this was not a single-item contract but the parties anticipated they would have a "long, profitable relationship."

We hold that the assertion of *in personam* jurisdiction over defendant does not violate due process. The trial court's denial of defendant's motion to dismiss is

Affirmed.

Judges HEDRICK and ARNOLD concur.