FRED M. UPDIKE v. MARGRIT DAY

No. 8428SC582

(Filed 4 December 1984)

**Appeal and Error § 6.1— motion to dismiss—absence of proper service—denial not immediately appealable**

    An order denying defendant's motion to dismiss for plaintiff's failure to obtain proper service of process was not immediately appealable. G.S. 1-277(b).

APPEAL by defendant from *Sitton, Judge.* Order entered 8 March 1984 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 25 October 1984.

This is an appeal from the denial of defendant's motion to dismiss for plaintiff's failure to obtain proper service of process.

*C. David Gantt, P.A., for plaintiff appellee.*

*Herbert L. Hyde and G. Edison Hill, for defendant appellant.*

VAUGHN, Chief Judge.

The appeal must be dismissed as interlocutory.

G.S. 1-277(b) provides that an interested party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the Court over the person or property of defendant. The Supreme Court of North Carolina has held, however, that challenges to sufficiency of process and service do not concern the State's power to bring a defendant before its courts for trial; instead, they concern the means by which a court gives notice to a defendant and asserts jurisdiction over him. "G.S. 1-277(b) applies to the state's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint. . . . [I]f the court has the jurisdictional power to require that the party defend and the challenge is merely to the process of service used to bring the party before the court, G.S. 1-277(b) does not apply." *Love v. Moore,* 305 N.C. 575, 580, 291 S.E. 2d 141, 145 (1982). "Allowing an immediate appeal only for 'minimum contacts' jurisdictional questions precludes premature appeals to the appellate courts about issues of technical defects which can be fully and adequately considered on an appeal from final judgment, while ensuring that parties who have less than 'minimum contacts' with this state will never be forced to trial against their wishes." *Id.* at 581, 291 S.E. 2d at 146.

In accordance with the mandate in *Love,* we must dismiss the appeal *ex mero motu.*

Appeal dismissed.

Judges BRASWELL and EAGLES concur.