### COOK v. CINOCCA

[122 N.C. App. 642 (1996)]

DENISE E. COOK, Plaintiff, v. RONALD J. CINOCCA, Defendant

No. COA95-669

(Filed 4 June 1996)

**Appeal and Error § 113 (NCI4th)— denial of motion to dismiss—personal jurisdiction—appeal interlocutory**

An appeal from the denial of a motion to dismiss in a domestic action was dismissed as interlocutory because it pertained merely to the process of service used to bring the party before the court. Under *Updike v. Day*, 71 N.C.App. 636, N.C.G.S. § 1-277(b) applies to the State's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint.

**Am Jur 2d, Appellate Review §§ 163-165.**

Appeal by defendant from order entered 12 April 1995 by Judge Robert E. Hodges in Catawba County District Court. Heard in the Court of Appeals 21 March 1996.

Plaintiff, Denise E. Cook, and defendant, Ronald J. Cinocca, were married on 7 December 1984, but before their marriage, on 14 November 1984, they entered into an antenuptial agreement purporting to preclude claims for equitable distribution and alimony. While married, the parties had one child, Nathan E. Cinocca, born 31 December 1985. The parties separated on 15 August 1992.

On 1 March 1993, defendant commenced an action in Catawba County District Court (93 CVD 466) seeking custody and support for the parties' minor child. In response, plaintiff timely filed an answer and counterclaim for alimony and equitable distribution. Subsequently, on 9 November 1993, defendant filed a separate action (93 CVD 2701) in which he sought an absolute divorce. In 93 CVD 2701, the defendant also asked that "all matters relating to spousal support and equitable distribution be governed by those orders lawfully entered in that separate Catawba County action bearing File Number 93 CVD 466."

On 22 December 1993, plaintiff filed an answer in 93 CVD 2701 admitting the allegations of the complaint, and a counterclaim "reassert[ing] her claim for alimony and equitable distribution of mar-

**COOK v. CINOCCA**

[122 N.C. App. 642 (1996)]

ital property which claim is set forth in the Complaint bearing file number 93 CVD 466, which Complaint is incorporated herein by reference." On 25 February 1994, the trial court entered an order stating:

> 1. That the counterclaims for alimony and Equitable Distribution by the Defendant in 93 CVD 2701 dated December 22, 1993, shall be consolidated for hearing under the prior pending action bearing File No. 93 CVD 466.

> 2. That with respect to the Defendant's claims for alimony and equitable distribution, all matters, including any notices, motions, requests for discovery and Orders shall be made from this day forward under and captioned with the File No. 93 CVD 466.

Plaintiff's consolidated counterclaims were set for trial on 26 September 1994, but prior to trial plaintiff voluntarily dismissed her consolidated counterclaims pursuant to Rule 41(a).

Thereafter, on 17 October 1994, plaintiff Denise Cook filed a complaint in this action seeking, *inter alia*, alimony and equitable distribution. Plaintiff also obtained an ex parte order prohibiting waste of personal property. On 20 October 1994, defendant moved to dismiss for lack of personal and subject matter jurisdiction, and on 7 November 1994, defendant filed an amended motion to dismiss arguing that plaintiff's claims were barred because plaintiff had previously filed and dismissed two identical claims for relief. Defendant also asserted that the ex parte order prohibiting waste was void. On 29 March 1995, plaintiff filed an amended complaint and the trial court heard defendant's motion to dismiss. At the hearing, Judge Robert E.. Hodges recognized that on 21 November 1994, the summons had been returned unserved. The trial court then delayed ruling on defendant's motion to dismiss and gave the parties time to submit briefs on the issue of personal jurisdiction. On 12 April 1995 the trial court entered an order denying defendant's motion to dismiss after finding that defendant had not properly raised the issue of personal jurisdiction and that the defense was therefore waived.

Defendant appeals.

*Samuel H. Long, III, for plaintiff-appellee.*

*Rudisill & Brackett, P.A., by H. Kent Crowe for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the trial court erred in denying his motion to dismiss for lack of personal jurisdiction. Defendant argues that the trial court lacks personal jurisdiction because (1) he was never served with a copy of the summons and complaint in this action, (2) no alias and pluries summons was issued nor was any endorsement secured from the clerk's office, (3) he properly preserved his objection to the trial court's assertion of personal jurisdiction, and (4) he made no general appearance or other waiver of his objection to the trial court's assertion of personal jurisdiction. We do not reach the merits of defendant's appeal, however, because we conclude that defendant's appeal from denial of a motion to dismiss is interlocutory and must be dismissed.

We recognize that G.S. 1-277(b) provides that an "interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ." This right of immediate appeal is limited, however, in that

> "G.S. 1-277(b) applies to the state's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint. . . . [I]f the court has the jurisdictional power to require that the party defend and the challenge is merely to the process of service used to bring the party before the court, G.S. 1-277(b) does not apply." *Love v. Moore*, 305 N.C. 575, 580, 291 S.E.2d 141, 145 (1982). "Allowing an immediate appeal only for 'minimum contacts' jurisdictional questions precludes premature appeals to the appellate courts about issues of technical defects which can be fully and adequately considered on an appeal from final judgment, while ensuring that parties who have less than 'minimum contacts' with this state will never be forced to trial against their wishes." *Id.* at 581, 291 S.E.2d at 146.

*Updike v. Day*, 71 N.C. App. 636, 637, 322 S.E.2d 622, 622-23 (1984). Defendant's appeal here pertains merely to the "process of service used to bring the party before the court . . . ." *Love v. Moore*, 305 N.C. 575, 580, 291 S.E.2d 141, 145 (1982). Accordingly, we dismiss defendant's appeal ex mero motu as interlocutory. We need not address plaintiff's remaining assignments of error as they too are interlocutory and do not affect a substantial right.

Dismissed.

Judges JOHN and WALKER concur.