AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC

[171 N.C. App. 147 (2005)]

New trial.

Judges WYNN and TYSON concur.

———

AUTEC, INC., Plaintiff v. SOUTHLAKE HOLDINGS, LLC, Defendant

No. COA04-761-2

(Filed 21 June 2005)

**Appeal and Error— appealability—challenge to service of process**

N.C.G.S. § 1-277(b) does not apply to challenges to the sufficiency of service of process, and an appeal from such challenge was dismissed ex mero motu as interlocutory.

Appeal by Defendant from judgment entered 20 February 2004 by Judge Kimberly Taylor in Superior Court, Iredell County. Heard in the Court of Appeals 15 February 2005. Opinion filed 15 March 2005. Petition for rehearing granted 26 April 2005, reconsidering the case without the filing of additional briefs and without oral argument. The following opinion supersedes and replaces the opinion filed 15 March 2005.

*Caudle & Spears, P.A., by C. Grainger Pierce, Jr. and Christopher J. Loebsack for defendant-appellant.*

*Eisele, Ashburn, Greene & Chapman, P.A., by John D. Greene for plaintiff-appellee.*

WYNN, Judge.

Section 1-277(b) of the North Carolina General Statutes states "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]" N.C. Gen. Stat. § 1-277(b) (2004). In *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982), our Supreme Court held that section 1-277(b) does not apply to challenges to sufficiency of service of process. In this case, Defendant appeals from an interlocutory order denying a motion to dismiss for insufficient service of process after an entry of default. As Defendant appeals from an interlocutory order, and there is no statutory right of immediate appeal, we dismiss this appeal as premature.

AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC

[171 N.C. App. 147 (2005)]

Plaintiff, Autec, Inc., filed the Complaint in this action on 12 August 2003 against Defendant, Southlake Holdings, Inc., for the collection of a balance due for the sale and installation of car wash equipment. Summons was issued on the same date to Southlake's registered agent at its registered address.

The car wash at issue is located in Mecklenburg County, North Carolina. Southlake's registered agent was Kimberly E. Fox, and the registered address was in Huntersville, North Carolina in Mecklenburg County.

On 13 August 2002, service was attempted by certified mail at the registered address but was returned with the notations "Not Deliverable as Addressed" and "Forwarding Order Expired." On 9 September 2002, Alias and Pluries summons were issued for two additional addresses obtained by Autec and mailed via certified mail. But those two service attempts were returned with the notation "Unclaimed." Service was also attempted by the Sheriff of Mecklenburg County but that attempt was unsuccessful.

Autec published a notice of service by publication on 17, 24, and 31 January 2003 in the Mooresville Tribune, which has a circulation throughout southern Iredell County and around the Lake Norman shoreline.

On 19 March 2003, Autec filed an affidavit of publication along with a motion for entry of default and motion for default judgment. That same day, an entry for default and a default judgment were entered against Southlake.

On 10 December 2003, Southlake filed a motion to dismiss and motion to set aside the default judgment and entry of default. Following a hearing, the trial court denied Southlake's motions to dismiss and to set aside the entry of default and granted its motion to set aside the default judgment due to Autec's failure to post bond pursuant to Rule 55(c) of the North Carolina Rules of Civil Procedure. Southlake appealed.

On appeal, Southlake argues that the trial court erred in denying its motion to dismiss pursuant to Rule 12(b)(5) of the North Carolina Rules of Civil Procedure as Autec did not comply with all requirements for service by publication. We do not reach the merits of this argument.

AUTEC, INC. v. SOUTHLAKE HOLDINGS, LLC

[171 N.C. App. 147 (2005)]

Although the trial court set aside the default judgment, it left in place the entry of default against Southlake. Rule 55(a) of the North Carolina Rules of Civil Procedure provides that:

When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.

N.C. Gen. Stat. § 1A-1, Rule 55(a) (2004). The entry of default is interlocutory in nature and is not a final judicial action. *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 265, 330 S.E.2d 645, 648 (1985); *Whaley v. Rhodes*, 10 N.C. App. 109, 111, 177 S.E.2d 735, 736 (1970). Generally, there is no right to appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2004); *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

Southlake contends that this case is immediately appealable pursuant to section 1-277(b) of the North Carolina General Statutes. Section 1-277(b) states that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant[.]" N.C. Gen. Stat. § 1-277(b). Here, Southlake challenged the sufficiency of the service of process pursuant to Rule 12(b)(5) of the North Carolina Rules of Civil Procedure. Our Supreme Court has previously held that section 1-277(b) does not apply to challenges to sufficiency of service of process. *Love*, 305 N.C. at 581, 291 S.E.2d at 146; *Cook v. Cinocca*, 122 N.C. App. 642, 644, 471 S.E.2d 108, 109 (1996); *Sigman v. R.R. Tydings, Inc.*, 59 N.C. App. 346, 347-48, 296 S.E.2d 659, 660 (1982).

The order from which Southlake seeks appeal is interlocutory and there exists no statutory right to immediate appeal. Accordingly, we dismiss the appeal as premature *ex mero motu*. *Love*, 305 N.C. at 577, 291 S.E.2d at 144 ("The threshold question which should have been considered by the Court of Appeals, although not presented to that court, was whether an immediate appeal lies from the trial court's orders.")

Dismissed.

Judges HUDSON and STEELMAN concur.