KATHY MALONE, Administratrix of The Estate of ALICE ANTONSON HARRELSON, Deceased, Plaintiff,
v.
WALTER FRANKLIN STEELE, M.D.; W.F. STEELE, M.D., P.A.; SARAH SAFIA YOUSUFF, M.D.; SARAH YOUSUFF, MD, PLLC; BAKER, MacNICHOL & ASSOCIATES PLLC d/b/a CAROLINA ANESTHESIOLOGY AND PAIN MANAGEMENT; VALDESE GENERAL HOSPITAL SYSTEM, INC.; BLUE RIDGE HEALTH CARE SYSTEM, INC., Defendants.
No. COA09-554.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Law Offices of Wade E. Byrd, P.A., by Wade E. Byrd and Ted Mackall, for plaintiff-appellee.
Wilson, Helms & Cartledge, LLP, by G. Gray Wilson, for defendants-appellants.

UNPUBLISHED OPINION
GEER, Judge.
Defendants appeal from an order denying their motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficiency of service of process. Although the trial court purported to certify this order for interlocutory appeal pursuant to Rule 54(b) of the Rules of Civil Procedure, the order does not involve a final judgment as to any claim or party and, therefore, Rule 54(b) is inapplicable. Further, because defendants have not shown that any substantial right is at stake, we hold the appeal is not properly before this Court. Consequently, we allow plaintiff's motion to dismiss this appeal as interlocutory.

Facts
This case is a medical malpractice action arising out of the death of Alice Antonson Harrelson, who died while undergoing surgery in February 2006. On 13 February 2008, plaintiff, the administratrix of Ms. Harrelson's estate, filed a complaint and summonses against several defendants, including Dr. Sarah Yousuff, the anesthesiologist for Ms. Harrelson's procedure; Sarah Yousuff, M.D., PLLC, Dr. Yousuff's professional limited liability company; and Baker, MacNichol & Associates, PLLC ("Baker"), d/b/a Carolina Anesthesiology and Pain Management, an anesthesiology and pain management practice for which Yousuff and her PLLC were alleged to be agents.
On 19 February 2008, six days after the filing of the original complaint, plaintiff filed an amended complaint and alias and pluries summonses. The amended complaint essentially corrected typographical errors in the original complaint. On 28 February 2008, a deputy sheriff left copies of the complaint, amended complaint, and summonses with Connie Burnette, the office manager for the physicians at Carolina Anesthesiology and Pain Management, where Dr. Yousuff had previously worked.
Defendants filed an answer to the original complaint on 29 April 2008. On 24 July 2008, defendants filed a motion to dismiss the amended complaint "for lack of personal jurisdiction, insufficient process, and insufficient service of process." Defendants alleged that none of them had "ever been served with the amended complaint, nor [had] there been any attempt to serve them; and that defendants [had] never received or otherwise even seen the amended complaint or a copy thereof." Following a hearing, the trial court denied defendants' motion to dismiss on grounds of equitable estoppel.
On 26 February 2009, defendants filed notice of appeal from the order denying the motion to dismiss. Subsequently, on 15 May 2009, plaintiff filed a motion to dismiss defendants' appeal for lack of appellate jurisdiction. In addition to filing their response to plaintiff's motion on 26 May 2009, defendants also filed a petition for writ of certiorari on 6 July 2009.

Discussion
Defendants' appeal of the trial court's order denying the motion to dismiss is interlocutory. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).
Generally, "there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). This Court has jurisdiction to hear an interlocutory appeal in two instances. First, pursuant to Rule 54(b), "`the trial court may certify that there is no just reason to delay the appeal after it enters a final judgment as to fewer than all of the claims or parties in an action.'" Meherrin Indian Tribe v. Lewis, ___ N.C. App. ___, ___, 677 S.E.2d 203, 206 (2009) (quoting Dep't of Transp. v. Rowe, 351 N.C. 172, 174-75, 521 S.E.2d 707, 709 (1999)), disc. review denied, 363 N.C. 806, 690 S.E.2d 705 (2010). "`Second, a party may appeal an interlocutory order that affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment.'" Id. (quoting Rowe, 351 N.C. at 175, 521 S.E.2d at 709 (1999)).
Although the trial court, in this case, included a Rule 54(b) certification, that certification "is reviewable by this Court on appeal in the first instance because the trial court's denomination of its decree a final . . . judgment does not make it so if it is not such a judgment. Similarly, the trial court's determination that there is no just reason to delay the appeal, while accorded great deference, cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." First Atl. Mgmt. Corp. v. Dunlea Realty Co., 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (internal citations and quotation marks omitted).
Here, the court did not enter a final judgment as to fewer than all of the claims or parties in the action. The trial court simply denied a motion to dismiss, leaving all the claims against all the parties pending. Therefore, "[t]he trial court's certification of its denial of defendants' motion to dismiss has no effect in this instance." Meherrin Indian Tribe, ___ N.C. App. at ___, 677 S.E.2d at 206 (concluding that trial court's denial of motion to dismiss erroneously included Rule 54(b) certification).
This appeal is thus not properly before this Court unless it affects a substantial right, as set out in N.C. Gen. Stat. § 1-277 (2009). In N.C. Gen. Stat. § 1-277(b), our General Assembly has provided that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant . . . ."
Our Supreme Court addressed the scope of N.C. Gen. Stat. § 1-277(b) in Love v. Moore, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982), and concluded "that it is the most reasonable interpretation of G.S. 1-277(b) and [we] hold that the right of immediate appeal of an adverse ruling as to jurisdiction over the person, under that statute, is limited to rulings on `minimum contacts' questions, the subject matter of Rule 12(b)(2)." The Court stressed that allowing immediate appeals only for minimum contacts decisions "will leave for appeals from final judgment the questions of technical error involving service and process." Id. In explaining its rationale, the Court noted that "[i]n the former [minimum contacts context], the issue is whether the courts of this state have any right to force the defendant to a trial; in the latter [service and process context], the authority to bring the defendant into court is unquestioned, the issue being whether there is any technical error in the attempt of the plaintiff to invoke that jurisdiction." Id. The Court concluded that its interpretation of N.C. Gen. Stat. § 1-277(b) "precludes premature appeals to the appellate courts about issues of technical defects which can be fully and adequately considered on an appeal from final judgment, while ensuring that parties who have less than `minimum contacts' with this state will never be forced to trial against their wishes." 305 N.C. at 581, 291 S.E.2d at 146.
In Love, the Court vacated the Court of Appeals opinion addressing the merits and remanded to this Court with directions that the appeal be dismissed because the defendant had made no claim that it lacked minimum contacts with North Carolina. We are unable to meaningfully distinguish Love from this appeal. Defendants in this case did not move to dismiss this action based on a lack of minimum contacts, but rather because they contend that they were never served with the summonses and complaints.
While defendants vigorously attempt to distinguish Love and its progeny by arguing that those cases have dealt with "technical defects in service of process," the Supreme Court's language in Love was unmistakable: an immediate appeal for lack of personal jurisdiction is permissible only when the appeal raises questions relating to a lack of minimum contacts. There is no contention in this case that the trial court would have lacked authority to hale defendants into court if properly served and, therefore, under Love, the issues may be addressed following entry of a final judgment. If we were to conclude that a substantial right is implicated here, we would be effectively negating Love. That, we are not permitted to do.[1]See also Berger v. Berger, 67 N.C. App. 591, 595, 313 S.E.2d 825, 828-29 ("If [defendants'] motion raises a due process question of whether [their] contacts within the forum state were sufficient to justify the court's jurisdictional power over [them], then the order denying such motion is immediately appealable under G.S. 1-277(b). If, on the other hand, [defendants'] motion, though couched in terms of lack of jurisdiction under Rule 12(b)(2), actually raises a question of sufficiency of service or process, then the order denying such motion is interlocutory and does not fall within the ambit of G.S. 1-277(b)."), disc. review denied, 311 N.C. 303, 317 S.E.2d 678 (1984).
We also observe that although defendants insist that it would be unfair to require them to proceed to a trial, "[t]his Court has previously stated that avoidance of a trial, no matter how tedious or unnecessary, is not a substantial right entitling an appellant to immediate review." Allen v. Stone, 161 N.C. App. 519, 522, 588 S.E.2d 495, 497 (2003). See also Lee v. Baxter, 147 N.C. App. 517, 520, 556 S.E.2d 36, 38 (2001) ("[A]voiding the time and expense of trial is not a substantial right justifying immediate appeal."). In any event, with respect to this fairness argument, we note that defendants have glossed over the fact that they answered plaintiff's complaint, which was served with the amended complaint. The complaint and amended complaint differed only with respect to typographical errors and the completion of a single sentence. There were no material alterations.
Defendants bear "`the burden of showing this Court that the order deprives [them] of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.'" Webb v. Webb, ___ N.C. App. ___, ___, 677 S.E.2d 462, 464 (2009) (quoting Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994)). Because defendants have failed to meet this burden, we hold that defendants' appeal is not properly before this Court and dismiss the appeal.
Defendants have also petitioned for writ of certiorari. The writ of certiorari is "an extraordinary remedial writ." Pue v. Hood, 222 N.C. 310, 312, 22 S.E.2d 896, 898 (1942). Defendants have not shown that the circumstances of this case are such that immediate appellate review is necessary. Defendants have already acknowledged the original complaint  virtually identical to the amended complaint  by answering it. With respect to the amended complaint, it appears in the record on appeal and, therefore, defendants can hardly argue with credibility that they will be forced to trial without actual notice of the amended complaint's allegations. We do not believe this appeal involves any unique issues that warrant our granting this extraordinary writ. We, therefore, deny defendants' petition for writ of certiorari.
Dismissed.
Judges ROBERT C. HUNTER and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] Defendants contend that the trial court's decision to certify the order "underscores the substantial nature of this appeal and should consequently be given `great deference.'" (Quoting First Atl. Mgmt. Corp., 131 N.C. App. at 247, 507 S.E.2d at 60.) This argument misapplies First Atlantic, which directs that "great deference" be given to a trial court's 54(b) determination and not a trial court's evaluation of a substantial right.