COASTAL CHEMICAL CORPORATION, LLOYDS, NEW YORK, AND NA-
TIONAL UNION FIRE INSURANCE COMPANY v. GUARDIAN IN-
DUSTRIES, INC., D/B/A DICTOGRAPH SECURITY SYSTEMS

No. 823SC947

(Filed 5 July 1983)

1. **Appeal and Error § 6.3— personal jurisdiction—denial of motion to dismiss—appealability**

   Denial of a motion to dismiss for lack of *in personam* jurisdiction is immediately appealable. G.S. 1-277(b).

2. **Constitutional Law § 24.7; Process § 14.3— foreign corporation—personal jurisdiction—minimum contacts**

   In an action to recover for breach of warranty of a security system, defendant foreign corporation had sufficient minimum contacts with this State "at or about the time of the injury" to warrant assertion of personal jurisdiction over it pursuant to G.S. 1-75.4(4) and G.S. 55-145(a) where the evidence established that, on an annual basis for the previous five years, defendant had conducted with persons located in North Carolina transactions approximating $50,000.00 in value. Furthermore, defendant had sufficient contacts with this State so that the assertion of personal jurisdiction over it did not offend due process requirements where the evidence further established that defendant owns camera equipment which is leased to commercial establishments doing business in North Carolina; in pursuit of its transactions of business, defendant has sent its employees to North Carolina; defendant has advertised its products or services in North Carolina and has prepared promotional literature which it has distributed to its North Carolina franchisees; defendant has solicited business in North Carolina by mail and otherwise; defendant has manufactured or distributed goods which were sold, used or consumed in North Carolina; and defendant has sold, produced or distributed goods or equipment with the intention that the same be ultimately sold within North Carolina in the ordinary course of business.

3. **Appeal and Error § 6.6— denial of motion to dismiss—premature appeal**

   Defendant had no right of immediate appeal from the denial of its motion to dismiss for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2) which provides that

where the matter in controversy in a products liability action exceeds the sum of $10,000.00, the pleadings shall not state the demand for monetary relief but only that the relief sought is damages in excess of $10,000.00. G.S. 1-277(a); G.S. 7A-27(d)(2), (3) and (4).

APPEAL by defendant from *Reid, Judge.* Order entered 26 July 1982 (for 16 July 1982) in Superior Court, PITT County. Heard in the Court of Appeals 10 June 1983.

Defendant appeals from an order denying its motion to dismiss for want of *in personam* jurisdiction and for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2) (Cum. Supp. 1981).

*Trauner, King & Cohen, by Russell S. Thomas, and Charles R. Hardee, for plaintiff appellees.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan and R. Thompson Wright, for defendant appellant.*

WHICHARD, Judge.

## I.

Plaintiffs' original complaint alleged the following:

On or about 19 February 1979 a warehouse belonging to plaintiff Coastal Chemical Corporation (hereafter Coastal), and the goods therein, were destroyed by fire. The warehouse was protected by a security system which was programmed to call various authorities in the event fire or smoke was detected by its sensors. The system failed properly to operate or to notify the authorities. If the system had performed properly, the fire would have been extinguished with significantly less damage.

Plaintiffs sought damages in the sum of $2,325,410.25.

Defendant moved, pursuant to G.S. 1A-1, Rules 12(b) and 8(a)(2), that the complaint be stricken, the service of process quashed, and the action dismissed. The grounds alleged were lack of *in personam* jurisdiction over the defendant, a corporation organized and existing under the laws of New Jersey, and plaintiffs' violation of G.S. 1A-1, Rule 8(a)(2), which provides that in products liability actions "the pleading shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred in excess of ten thousand dollars . . . ."

Plaintiffs in turn moved for leave to file an amended complaint. The proposed amended complaint contained, *inter alia*, the additional allegations that Coastal had purchased from defendant a surveillance system which defendant designed and manufactured; that defendant was a merchant with respect to this system; that the system was not merchantable, was defective, and was not fit for the ordinary purposes for which such systems are used and did not conform to the affirmations made upon its sale to Coastal; and that its defective condition amounted to a breach of the implied warranty of merchantability. The amended complaint also sought "damages which exceed TEN THOUSAND DOLLARS ($10,000.00)."

The trial court found that defendant had "sufficient minimum contacts with the State of North Carolina to warrant the assertion of jurisdiction over [it] in this State." It thus denied the motion to dismiss for lack of *in personam* jurisdiction.

It also denied the motion to strike the complaint, quash the service of process, and dismiss the action for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2). It found that it had taken note of the pendency of plaintiffs' motion for leave to file an amended complaint, and that it intended to grant that motion. In light of that intention, it found that defendant's motion to dismiss "presents a moot question."

From the order denying its motion to dismiss, defendant appeals.

II.

[1] Denial of the motion to dismiss for lack of *in personam* jurisdiction is immediately appealable. G.S. 1-277(b) (Cum. Supp. 1981). Resolution of the jurisdictional inquiry involves a two-fold determination: (1) whether our statutes permit the courts of this jurisdiction to entertain this action against defendant, and (2) if so, whether the exercise of this power by our courts violates due process of law. *Dillon v. Funding Corp.*, 291 N.C. 674, 675, 231 S.E. 2d 629, 630 (1977).

[2] The trial court found the following in support of its denial of the motion to dismiss for lack of *in personam* jurisdiction:

(a) The defendant owns some camera equipment which is leased to certain commercial establishments who do business in North Carolina.

(b) On an annual basis for the previous five (5) years, the total monetary value of all transactions conducted by and between the defendant and any other persons, whether natural or artificial, located in North Carolina approximates Fifty Thousand Dollars ($50,000.00).

(c) In pursuit of its transactions of business, the defendant has sent its employees to North Carolina.

(d) The defendant has advertised its products or services in North Carolina when seeking new franchisees for Dictograph Security Systems, and defendant has prepared promotional literature which it has distributed to its North Carolina franchisees.

(e) To the extent noted in Paragraph (d) above, defendant has solicited business in North Carolina by mail or otherwise.

(f) Defendant has produced, manufactured or distributed goods which were sold, used or consumed in the State of North Carolina.

(g) Defendant has sold, produced or distributed goods or equipment to East Coast Security Systems and/or Hugh B. Griffin and Melvin D. Williams with the intention that the same be ultimately sold within the State of North Carolina in the ordinary course of business.

Defendant's answers to plaintiffs' interrogatories fully support these findings. The findings in turn fully support the conclusion that defendant has sufficient minimum contacts with this State to warrant assertion of jurisdiction over it in this State pursuant to G.S. 1-75.4(4) (Cum. Supp. 1981) and G.S. 55-145(a) (1982).

Defendant's principal contention with regard to the statutory prong of the jurisdictional inquiry is that the evidence did not show that its activities in North Carolina were "at or about the time of the injury," as required by G.S. 1-75.4(4). The evidence established, however, that on an annual basis for the previous five years defendant had conducted, with natural or artificial persons located in North Carolina, transactions approximating

$50,000 in value. This clearly sufficed to meet the "at or about the time of the injury" requirement. Defendant's argument that the statutory prong of the jurisdictional inquiry has not been met is without merit.

Further, by its acts recited in the findings, which the evidence fully supports, defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L.Ed. 2d 1283, 1298, 78 S.Ct. 1228, 1240 (1958). The findings thus establish that assumption of *in personam* jurisdiction over defendant by the courts of this State does not offend traditional notions of fair play and substantial justice within the contemplation of the due process clause of the fourteenth amendment, and that defendant's contacts with the State are sufficient to satisfy due process requirements. *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945); *Dillon v. Funding Corp., supra; Byham v. House Corp.*, 265 N.C. 50, 143 S.E. 2d 225 (1965). Defendant's argument that the due process prong of the jurisdictional inquiry has not been met is without merit.

### III.

[3]   Defendant also purports to appeal from the denial of its motion to dismiss for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2), which provides that in actions against product manufacturers for property damage arising out of defect or failure in relation to a product, where the matter in controversy exceeds the sum of $10,000, the pleading shall not state the demand for monetary relief, but only that the relief sought is damages in excess of $10,000.

The purported appeal from this portion of the order is interlocutory. The order in this respect is not a final judgment. *See* G.S. 7A-27(c) (1981). It does not in effect determine the action and prevent a judgment from which appeal might be taken, or discontinue the action, or grant or refuse a new trial. *See* G.S. 1-277(a) (1969); 7A-27(d)(2), (3), (4). It does not affect a substantial right belonging to defendant, *see* G.S. 1-277(a), 7A-27(d)(1), in that at this juncture in the litigation no prejudice to defendant from the violation in question appears. Assuming prejudice, *arguendo*, no reason appears for an immediate appeal rather than assertion of

the right or rights affected upon appeal from a final disposition. The appeal in this respect thus must be dismissed.

On 8 October 1982 another panel of this Court denied defendant's petition for a writ of certiorari to review this issue. This panel cannot overrule that one, and thus has no authority to excercise its discretion in favor of reviewing this aspect of the order. *N.C.N.B. v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E. 2d 629, 631-32 (1983).

### IV.

The portion of the order establishing *in personam* jurisdiction over the defendant is immediately appealable and is affirmed.

The purported appeal from the portion of the order denying defendant's motion to dismiss for plaintiff's violation of G.S. 1A-1, Rule 8(a)(2), is dismissed as interlocutory.

Affirmed in part; dismissed in part.

Judges JOHNSON and EAGLES concur.