PAT PORET, EVELYN CARROLL, STELLA HERNDON, CHRISTINE McCAL-
LUM, AND ANITA RIGGSBEE v. STATE PERSONNEL COMMISSION, E. R.
CARRAWAY, CHAIRMAN, HAROLD H. WEBB, AS STATE PERSONNEL
DIRECTOR, AND THE OFFICE OF STATE PERSONNEL

No. 8410SC874

(Filed 7 May 1985)

**Appeal and Error §§ 6.2, 6.3; Administrative Law § 5; Master and Servant § 7.5—
discrimination in job reclassification by State agency—appeal from superior
court review—interlocutory**

An appeal from a superior court order in an action challenging a reclassification of nursing positions at North Carolina Memorial Hospital but not at the U.N.C. Student Health Service was dismissed as interlocutory where the superior court found that it had jurisdiction and remanded the case for a further hearing before the State Personnel Commission. Avoidance of a hearing does not affect a substantial right, appeal from a ruling denying a motion to dismiss for lack of subject matter jurisdiction is clearly interlocutory, and denial of a motion to dismiss for lack of personal jurisdiction gives rise to an interlocutory appeal allowed under G.S. 1-277(b) only where the authority of the court to exercise jurisdiction over the person is challenged. The State has consented to the supervisory jurisdiction of the General Court of Justice over appeals from administrative agencies by the passage of the Administrative Procedure Act, and petitioners had to follow the G.S. 126-34 grievance procedure, over which the State Personnel Commission has jurisdiction and in which appeal is to the Wake County Superior Court, because their discrimination claim did not allege one of the prohibited grounds. The question of whether the jurisdictional prerequisites of the Administrative Procedure Act have been met is one of ripeness, not personal jurisdiction.

APPEAL by respondents from *Herring, Judge.* Order entered 4 June 1984 in WAKE County Superior Court. Heard in the Court of Appeals 15 April 1985.

This appeal arises from a 1983 job reclassification at North Carolina Memorial Hospital (NCMH) in Chapel Hill. At the time, pay for state employees was under a freeze. The Office of State Personnel (OSP), the administrative arm of the State Personnel Commission (SPC), conducted a reclassification study which resulted in upgrading of nursing positions at NCMH to a new "Clinical Nursing Series." Those reclassified received a ten percent pay raise. Petitioners worked for the University of North Carolina Student Health Services (SHS), which is part of the hospital complex, but technically separate from NCMH. They were not reclassified. Nurses at the UNC Medical School, which apparently has a similar relationship to NCMH, received reclassification. The net result was that the vast majority of nursing positions at the hospital complex, were reclassified, but petitioners were not. Petitioners were also blocked from transferring into the reclassified positions.

Petitioners instituted a grievance proceeding against OSP, exhausting their appeals within the University. They requested an appeal hearing from the SPC; the University, which has ultimate authority over both SHS and NCMH, supported petitioners. A hearing was scheduled, then cancelled. A pre-hearing conference took place, following which petitioners moved to disqualify OSP hearing officers from hearing the matter, on the grounds of bias. Further proceedings were suspended pending a decision by the SPC on the motion. On 12 December 1983 the SPC denied the motion and reversed its earlier position, denying petitioners a hearing "for reasons of legal precedence." Instead, the SPC directed that each side submit proposed findings for the hearing officer, who would prepare a report to the SPC. Based on that report, and optional fifteen minute presentations by the parties, the SPC would render a decision. The letter to petitioners stated that this approach was "the usual and customary procedure for handling classification reviews."

On 10 January 1984, petitioners filed a petition in the Superior Court of Wake County, seeking review of the SPC's decision. Petitioners sought orders directing a hearing and dis-

qualification of OSP officers as hearing officers. Respondents, the OSP and SPC, moved to dismiss on jurisdictional grounds and for failure to state a claim. The court denied the motion to dismiss, finding that it had jurisdiction over the matter. The court affirmed the SPC's refusal to disqualify the OSP's hearing officers, but ordered that petitioners receive a full hearing. Respondents appealed.

*Beecher R. Gray for petitioners.*

*Hafer, Hall & Schiller, by Eugene Hafer and Marvin Schiller, for State Employees Association of North Carolina, Inc.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General George W. Lennon, for the Office of State Personnel.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Norma S. Harrell, for State Personnel Commission.*

WELLS, Judge.

Neither side raises the issue, but we must first determine whether this case is presently appealable. *In re Watson,* 70 N.C. App. 120, 318 S.E. 2d 544 (1984), *disc. rev. denied,* 313 N.C. 330, 327 S.E. 2d 900 (1985). We conclude that the appeal is interlocutory and therefore must be dismissed.

The order of the superior court remanded the case for further hearing before the SPC. We have recently and expressly held that such an order by the superior court is interlocutory. *Blackwelder v. Dept. of Human Resources,* 60 N.C. App. 331, 299 S.E. 2d 777 (1983). Avoidance of a hearing does not affect a substantial right. *Id.* As in *Blackwelder,* there has been no hearing, and therefore no record has been created. *Edwards v. Raleigh,* 240 N.C. 137, 81 S.E. 2d 273 (1954) is accordingly distinguishable. The appeal is thus interlocutory and subject to dismissal.

Respondents argue that the court erred in denying their motions to dismiss for lack of personal and subject matter jurisdiction. As to the motion to dismiss for subject matter jurisdiction, an appeal from a ruling denying such a motion is clearly interlocutory. *Teachy v. Coble Dairies, Inc.,* 306 N.C. 324, 293 S.E. 2d 182 (1982).

Denial of a motion to dismiss for lack of jurisdiction over the person does not give rise to an automatic right of appeal, despite statutory language appearing to have such effect. *See Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141, *reh'g denied*, 306 N.C. 393 (1982), *construing* N.C. Gen. Stat. § 1-277(b) (1983). Rather, G.S. § 1-277(b) allows interlocutory appeals only where the *authority* of the court to exercise jurisdiction over the person is contested. *Love v. Moore, supra.* Merely making a motion to dismiss for lack of such jurisdiction will not *ipso facto* make an otherwise interlocutory order appealable; substance, not form, controls. *Id.*

Respondents contend that the doctrine of sovereign immunity in fact raises such a question, and precludes exercise of jurisdiction over this case. Regardless of whether sovereign immunity is a defense involving subject matter or personal jurisdiction, however, the state, by the enactment of the Administrative Procedure Act, N.C. Gen. Stat. § 150A-1 *et seq.* (1983), has consented to the supervisory jurisdiction by the General Court of Justice over appeals from administrative agencies.

As the supreme court recognized in *Employment Security Commission v. Lachman*, 305 N.C. 492, 290 S.E. 2d 616 (1982), the jurisdiction of the SPC is not limited to those cases described in N.C. Gen. Stat. §§ 126-35 and 126-37 (1981), but may also arise, as it does here, under N.C. Gen. Stat. § 126-34 (1981) ("grievance" procedure). Respondents contend that petitioners may not challenge management business decisions such as reclassification through grievances under G.S. § 126-34. Merely denominating a decision a "reclassification" does not insulate it from all scrutiny, however; facially neutral job classifications can be and are used for improper discriminatory purposes. *See Armstrong v. Index Journal Co.*, 647 F. 2d 441 (4th Cir. 1981); *Claiborne v. Illinois Cent. R.R.*, 583 F. 2d 143, *reh'g denied*, 588 F. 2d 828 (5th Cir. 1978), *cert. denied*, 442 U.S. 934 (1979). Petitioners' case is essentially a discrimination case, that they were arbitrarily selected for a pay freeze and prevented from transferring to reclassified positions. *See Dept. of Correction v. Gibson*, 308 N.C. 131, 301 S.E. 2d 78 (1983) (reasonable grounds for selection necessary). Since they did not allege one of the prohibited grounds of discrimination, they had to follow the G.S. § 126-34 grievance procedure, over which the SPC has jurisdiction. *Employment Security Commission v. Lachman, supra.* Appeal from the SPC lies by petition to

the Superior Court of Wake County. G.S. § 150A-45. Whether the jurisdictional prerequisites of the Administrative Procedure Act, G.S. § 150A-43, have been met is not a question of personal jurisdiction, but one of the ripeness, on a case by case basis, of the subject matter of administrative decisions for judicial review. *See Dyer v. Bradshaw*, 54 N.C. App. 136, 282 S.E. 2d 548 (1981); *Orange County v. Dept. of Transportation*, 46 N.C. App. 350, 265 S.E. 2d 890, *disc. rev. denied*, 301 N.C. 94 (1980) (applying jurisdictional tests). Accordingly, no appealable question as to jurisdiction over the person is presented.

This appeal must therefore be and is hereby

Dismissed.

Chief Judge HEDRICK and Judge MARTIN concur.