BURLINGTON INDUSTRIES, INC. v. RICHMOND COUNTY, NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, SMITH-ROWE INCORPORATED, AND JAMES W. RAYFORD COMPANY

No. 8820SC56

(Filed 21 June 1988)

**Appeal and Error § 6.2— denial of motion to dismiss cross-claims—appeal interlocutory—dismissed**

An appeal from the denial of a motion to dismiss defendant Richmond County's cross-claims was interlocutory and was dismissed. Under *Love v. Moore*, 305 N.C. 575, the right of immediate appeal of an adverse ruling as to jurisdiction over the person under N.C.G.S. § 1-277(b) is limited to rulings on minimum contact questions and the question here does not involve minimum contacts.

APPEAL by defendant North Carolina Department of Transportation from *John, Judge*. Order entered 19 October 1987 in Superior Court, RICHMOND County. Heard in the Court of Appeals 1 June 1988.

Richmond County (County) contracted with Burlington Industries (Burlington) to provide water services for a Burlington plant located in Richmond County. They agreed that these services would meet certain requirements specified by Burlington. The water line serving Burlington's plant was located within a North Carolina Department of Transportation (DOT) right-of-way.

On 7 January 1985 the County entered into a contract with DOT for relocation of the DOT right-of-way. Subsequently, DOT contracted with Smith-Rowe Incorporated to be general contractor for the project. The DOT and Smith-Rowe contract required that water service to the Burlington plant be interrupted only for the week of 4 July 1985. This week coincided with an anticipated shutdown of the Burlington plant so that less water service would be needed that week. Smith-Rowe subcontracted the pipe line relocation to the James W. Rayford Company.

Burlington alleged that the defendants did not relocate the water line in a timely manner and the resulting water service provided by the County did not meet its contractual requirements. Burlington claimed damages of approximately $175,000 and sued the County, DOT, Smith-Rowe, and Rayford under separate theories of breach of contract and negligent performance of contract.

In response, DOT moved to have Burlington's claim against it dismissed according to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the North Carolina Rules of Civil Procedure. Before the trial court ruled on DOT's motion, the County answered and filed cross-claims against DOT and the other co-defendants. The County's cross-claims against DOT requested indemnification in the event that it was found liable to Burlington. DOT then moved to dismiss the County's cross-claims pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). Thereafter Burlington gave notice of voluntary dismissal without prejudice according to Rule 41(a) as to their claim against DOT. The trial court then denied DOT's motion to dismiss the County's cross-claims. DOT appeals.

*Attorney General Thornburg, by Assistant Attorney General John F. Maddrey, for defendant-appellant North Carolina Department of Transportation.*

*Page, Page & Webb, by John T. Page, Jr., for defendant-appellee Richmond County.*

EAGLES, Judge.

The issue here is whether the trial court properly denied DOT's motion to dismiss the County's cross-claims. For the reasons stated below we find that the trial court's order is interlocutory and, therefore, this appeal must be dismissed.

The threshold question is whether this case is properly before us. *In re Watson*, 70 N.C. App. 120, 318 S.E. 2d 544 (1984), *disc. rev. denied*, 313 N.C. 330, 327 S.E. 2d 900 (1985). An order which does not entirely dispose of the case as to all parties and issues is interlocutory. *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950). Our courts will not hear appeals from interlocutory orders unless the orders affect a substantial right, *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978), which may be lost or prejudiced by exception to the order's entry. *See Green v. Duke Power Co.*, 305 N.C. 603, 290 S.E. 2d 593 (1982). This rule promotes judicial economy by eliminating fragmentary appeals and preserves the entire case for determination in a single appeal. *Harrell v. Harrell*, 253 N.C. 758, 117 S.E. 2d 728 (1961). Avoidance of a trial is not a substantial right. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E. 2d 777 (1983). G.S. 1-277(b), however, provides an exception to the general rule by allowing an "immediate appeal from an adverse ruling as to the jurisdiction of the court over the person."

DOT's motion presented three grounds for dismissal. Denial of a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is interlocutory, *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982), as is the denial of a Rule 12(b)(6) motion for failure to state a claim for which relief can be granted. *O'Neill v. Bank*, 40 N.C. App. 227, 252 S.E. 2d 231 (1979). Neither affects a substantial right and neither is immediately appealable. In its brief DOT correctly argues that a state agency may be sued only with the explicit or implicit consent of the State. DOT contends that the State has not authorized a tort suit to be brought against it or one of its agencies in this specific procedural manner. Therefore, DOT claims that the State's sovereign immunity precludes the County's cross-claims.

In *Teachy* our Supreme Court declined to address whether sovereign immunity was an issue of subject matter jurisdiction or personal jurisdiction. This Court has stated on several occasions

that sovereign immunity was a matter of personal jurisdiction. *Zimmer v. N.C. Dept. of Transportation*, 87 N.C. App. 132, 360 S.E. 2d 115 (1987); *Stahl-Rider v. State*, 48 N.C. App. 380, 269 S.E. 2d 217 (1980); *Sides v. Hospital*, 22 N.C. App. 117, 205 S.E. 2d 784 (1974), *modified and affirmed*, 287 N.C. 14, 213 S.E. 2d 297 (1975). Relying on those cases, DOT argues that by operation of G.S. 1-277(b) this case is properly before us now.

We note, however, that our Supreme Court in *Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982), narrowly construed G.S. 1-277(b). The court stated that the statute "applie[d] to the state's authority to bring a defendant before its courts, not to technical questions concerned only with whether that authority was properly invoked from a procedural standpoint." *Id.* at 580, 291 S.E. 2d at 145. The court held "that the right of immediate appeal of an adverse ruling as to jurisdiction over the person, under [G.S. 1-277(b)], is limited to rulings on 'minimum contacts' questions." *Id.* at 581, 291 S.E. 2d at 146. The court reasoned that a narrow construction of G.S. 1-277(b) not only promoted judicial economy, but protected the rights of foreign defendants as well.

Here the question does not involve "minimum contacts." Indeed, DOT concedes that if Burlington had not brought DOT into the action as an original defendant, the County could have properly impleaded DOT as a third-party defendant pursuant to Rule 14(c). We understand DOT's position to be that DOT was brought into the case in a procedurally incorrect manner and not that the court has no authority to bring DOT into the suit at all, *Poret v. State Personnel Comm.*, 74 N.C. App. 536, 328 S.E. 2d 880, *disc. rev. denied*, 314 N.C. 117, 332 S.E. 2d 491 (1985).

The Supreme Court's narrow construction of G.S. 1-277(b) in *Love* convinces us that this is the type of procedural technicality that can be better resolved after a full and complete adjudication of the case. Moreover, Rule 21 of the North Carolina Rules of Civil Procedure reinforces this belief. In part, Rule 21 provides that

[n]either misjoinder of parties nor *misjoinder of parties and claims* is ground for dismissal of an action; but on such terms as are just parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action.

[Emphasis added.] Given the pleadings facing it, the County had no choice but to denominate its indemnification claim against DOT as a cross-claim.

Based upon our longstanding precedent against fragmentary appeals and the narrow construction of G.S. 1-277(b) mandated by *Love*, we hold that this appeal is interlocutory and must be dismissed.

Dismissed.

Judges ORR and SMITH concur.