JAMES E. BYERS, WILLIAM J. BYERS, BILL GARDNER, JOHN A. KENNEDY, J. GORDON SCOTT, J. GORDON SCOTT, III AND HAROLD K. STALLCUP, PETITIONERS v. NORTH CAROLINA SAVINGS INSTITUTIONS DIVISION, RESPONDENT, AND CENTURA BANK AND CENTURA BANKS, INC., INTERVENORS

No. COA96-297

(Filed 3 September 1996)

**Administrative Law and Procedure § 72 (NCI4th)— action remanded to agency for hearing—order interlocutory—no right to appeal**

Respondent and intervenors had no right to appeal from the trial court's order remanding the action to an agency for a contested case hearing, since the order was interlocutory because it directed further action prior to a final decree and avoidance of a hearing did not affect a substantial right.

**Am Jur 2d, Administrative Law § 640.**

Appeal by respondent and intervenors from orders entered 2 March 1995 by Judge Jack A. Thompson in Wake County Superior Court and 31 October 1995 by Judge Knox V. Jenkins. Heard in the Court of Appeals 19 August 1996.

On 13 May 1994, petitioners filed a complaint against respondent North Carolina Savings Institutions Division in Superior Court, Wake County. On 8 June 1994, respondent filed a motion to dismiss for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and for lack of personal jurisdiction. On 25 April 1995, a consent order was entered allowing Centura Bank and Centura Banks, Inc. to intervene.

On 2 March 1995, the trial court entered an order denying respondent's motion to dismiss. Following a hearing held on 11 and 13 September 1995, the trial court entered an order in which it made the following pertinent findings of fact:

1. This is a proceeding for judicial review pursuant to Chapter 150B of the North Carolina General Statutes.

2. The petitioners are members of the First Savings Bank of Forest City and they challenge the decision of the Savings Institution Division approving the conversion of this bank into a stock owned bank and the simultaneous merger of this stock owned bank into Centura Bank.

3. The Savings Institution Division issued final agency approval of the conversion/merger on October 14, 1993.

4. The petitioners filed their Petition for Contested Case Hearing and Request for Contested Case Hearing on November 19, 1993.

5. At the December 13, 1993 meeting of the Savings Institutions Division Commission it declined the petitioners' request for hearing and delegated to the Savings Institution Administrator the authority to enter a final decision on the petitioners' petition.

6. On April 13, 1994, the Administrator of the Savings Institution Division issued a final agency decision denying petitioner's petition on the grounds, inter alia, that petitioners lacked standing and had failed to exhaust administrative remedies.

7. On May 13, 1994, petitioners filed this action requesting judicial review of the Administrator's decision denying the petitioners' contested case petition.

Based upon the findings of fact, the trial court made the following conclusions of law:

1. Petitioners have standing to petition for a contested case hearing challenging the Savings Institutions Division's approval of the conversion/merger of First Savings Bank of Forest City.

2. The Savings Institution Division issued final agency approval of the conversion/merger on October 14, 1993.

3. The petitioners timely filed their Petition for Contested Hearing and Request for Hearing with the Savings Institutions Division.

4. The petitioners timely exhausted their administrative remedies or it would be futile for them to do so.

5. The petitioners timely filed their request for judicial review of the Savings Institution Division's denial of their Petition for Contested Case Hearing and Request for Hearing.

6. The petitioners were entitled to a contested case hearing on the merits of their Petition for Contested Case Hearing and the Savings Institution Division's denial of petitioner's Petition for Contested Case Hearing and Request for Hearing was in violation of the N.C. Administrative Procedures Act, Chapter 150B.

Based upon the conclusions of law, the trial court reversed respondent's denial of petitioners' petition for a contested case hearing and remanded the action to respondent to "hold a contested case hearing on the merits of the claims set out in petitioner's contested case petition, including petitioner's claims regarding whether the conversion/merger met the procedural and substantive requirements of Chapter 54C of the General Statutes." Respondent and intervenors appeal.

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher and Robert B. Glenn, Jr.; and Gulley and Calhoun, by Michael D. Calhoun and Wilbur P. Gulley, for petitioners appellees.*

*Bailey & Dixon, L.L.P., by Ralph McDonald and Denise Stanford Haskell, for respondent appellant.*

*Poyner & Spruill, L.L.P., by David Dreifus and Eric P. Stevens, for intervenors appellants.*

ARNOLD, Chief Judge.

Respondent and intervenors have filed petitions for writs of certiorari in this Court as alternatives to their appeals in recognition that

they may have had no right to immediately appeal the orders of the trial court. Petitioners have filed a motion to dismiss the appeals. The petitions and the motion were referred to this panel for ruling.

We first consider petitioners' motion to dismiss the appeals. Petitioners contend the orders appealed from are interlocutory, do not affect a substantial right, and are therefore not immediately appealable. Generally, there is no right to appeal from an interlocutory order. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). However, an interlocutory order may be appealed prior to final judgment if it affects a substantial right that would be "lost, prejudiced or be less than adequately protected by exception to entry of the interlocutory order." *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 6, 362 S.E.2d 812, 815 (1987).

Respondent and intervenors have appealed from two orders. The order entered 2 March 1995 denied respondent's motion to dismiss the petitioners' request for judicial review based upon lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and lack of personal jurisdiction. The order entered 31 October 1995 remanded the case for hearing before respondent.

An order denying a motion to dismiss for lack of subject matter jurisdiction does not affect a substantial right and is therefore not appealable prior to final judgment. *Burlington Industries, Inc. v. Richmond County*, 90 N.C. App. 577, 579, 369 S.E.2d 119, 121 (1988). Likewise, an order denying a motion to dismiss for failure to state a claim upon which relief can be granted does not affect a substantial right and is not appealable prior to final judgment. *Id.*

An order denying a motion to dismiss for lack of personal jurisdiction is ordinarily appealable prior to final judgment. *Coastal Chemical Corp. v. Guardian Industries*, 63 N.C. App. 176, 178, 303 S.E.2d 642, 644 (1983). However, such an order is not immediately appealable when the question is not one of the authority of the trial court to exercise jurisdiction over the person but instead is a question of whether the jurisdictional prerequisites of the Administrative Procedure Act have been met. *Poret v. State Personnel Comm.*, 74 N.C. App. 536, 540, 328 S.E.2d 880, 882, *disc. review denied*, 314 N.C. 117, 332 S.E.2d 491 (1985), *overruled on other grounds by Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990). In this case, the trial court clearly had the authority to exercise jurisdiction because the State of North Carolina has consented to the supervisory jurisdiction by the General Court of

Justice over appeals from administrative agencies. *See id.* The question presented by the appeals is not one of the authority of the trial court to exercise jurisdiction but is actually a question of whether there is ripeness of the subject matter of the administrative decision for judicial review. Therefore, the order is not immediately appealable on the issue of personal jurisdiction.

Because respondent and intervenors could not appeal from the trial court's 2 March 1995 order prior to final judgment, the question is whether the order entered 31 October 1995 was final or otherwise appealable. An order of the trial court remanding an action to an agency for hearing is interlocutory because it directs further action prior to a final decree. *Id.* at 538, 328 S.E.2d at 882; *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 333, 299 S.E.2d 777, 779 (1983). Furthermore, such an order is not immediately appealable because avoidance of a hearing does not affect a substantial right. *Id.*

Respondent and intervenors had no right to appeal from the trial court's orders. Furthermore, they have failed to show any compelling reason why their petitions for writs of certiorari should be granted. For these reasons, the motion to dismiss the appeals is allowed and the petitions for writs of certiorari are denied.

Dismissed.

Judges GREENE and JOHN concur.