Krawiec v. Manly, 2015 NCBC 82.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 15 CVS 1927 |

MICHAEL KRAWIEC, JENNIFER KRAWIEC, and HAPPY DANCE, INC./CMT DANCE, INC. (d/b/a FRED ASTAIRE FRANCHISED DANCE STUDIOS),

Plaintiffs,

v.

JIM MANLY, MONETTE MANLY, METROPOLITAN BALLROOM, LLC, RANKO BOGOSAVAC, and DARINKA DIVLJAK,

Defendants.

**ORDER AND OPINION ON DEFENDANTS' MOTIONS TO DISMISS & PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

{1}     **THIS MATTER** is before the Court upon (i) Defendants Jim Manly ("Mr. Manly"), Monette Manly ("Mrs. Manly"), and Metropolitan Ballroom, LLC's ("Metropolitan") (collectively, the "Metropolitan Defendants") Motion to Dismiss (the "Metropolitan Motion to Dismiss"), (ii) Defendants Ranko Bogosavac ("Bogosavac") and Darinka Divljak's ("Divljak")[1] Motion to Dismiss (the "Dancers' Motion to Dismiss" and, collectively with the Metropolitan Motion to Dismiss, the "Motions to Dismiss"), and (iii) Plaintiffs Michael Krawiec ("Mr. Krawiec"), Jennifer Krawiec ("Mrs. Krawiec"), and Happy Dance, Inc./CMT Dance, Inc. d/b/a Fred Astaire Franchised Dance Studios' ("Happy Dance") (collectively, "Plaintiffs") Motion for Leave to Amend Complaint (the "Motion to Amend") in the above-captioned case.

{2}     After considering the Motion to Amend and the Motions to Dismiss, briefs in support of and in opposition to the Motions to Dismiss, and the arguments of counsel at a hearing on the Motions to Dismiss on July 22, 2015, the Court hereby

---

[1] Bogosavac and Divljak are hereinafter collectively referred to as "the Dancers" and Mr. Manly, Mrs. Manly, Metropolitan, Bogosavac and Divljak are hereinafter collectively referred to as "Defendants."

**GRANTS** Plaintiffs' Motion to Amend and **DENIES** Defendants' Motions to Dismiss as moot.

> *Hatcher Legal, PLLC, by Nichole M. Hatcher and Erin B. Blackwell, for Plaintiffs Michael Krawiec; Jennifer Krawiec; and Happy Dance, Inc./DMT Dance, Inc. d/b/a Fred Astaire Franchised Dance Studios.*
>
> *St. John Law, PLLC, by Renner St. John, for Defendants Ranko Bogosavac and Darinka Divljak.*
>
> *The Law Offices of H.M. Whitesides, Jr., P.A., by H.M. Whitesides, Jr., for Defendants Jim Manly, Monette Manly, and Metropolitan Ballroom, LLC.*

Bledsoe, Judge.

I.

PROCEDURAL AND FACTUAL BACKGROUND

{3}     The Court does not make findings of fact on motions to dismiss under Rule 12(b)(6), but only recites those facts included in the Complaint that are relevant to the Court's determination of the Motions to Dismiss. *See, e.g., Concrete Serv. Corp. v. Investors Grp., Inc.*, 79 N.C. App. 678, 681, 340 S.E.2d 755, 758 (1986).

{4}     Plaintiffs filed their Verified Complaint (the "Original Complaint") in this action on February 3, 2015. Plaintiffs allege that Mr. and Mrs. Krawiec own and operate Happy Dance in Forsyth County, North Carolina. (Compl. ¶ 1–2.) Plaintiffs further allege that Bogosavac, a citizen of Bosnia and Herzegovina, and Divljak, a citizen of Serbia, were employed by Plaintiffs as dance instructors under O-1B nonimmigrant work visas procured for Bogosavac and Divljak by Plaintiffs. (Compl. ¶¶ 5–6).

{5}     Plaintiffs base their lawsuit on their contention that Bogosavac and Divljak terminated their employment with Happy Dance and commenced employment with Metropolitan and Mr. and Mrs. Manly in Mecklenburg County, allegedly in violation of various legal duties Bogosavac and Divljak owed to Plaintiffs, causing Plaintiffs to suffer damages. (Compl. ¶¶ 30–95.) Plaintiffs assert claims against Bogosavac and Divljak for (i) breach of contract, (ii) fraudulent misrepresentation, and (iii) equitable estoppel; against the Metropolitan Defendants

for (i) tortious interference with contract, (ii) aiding and abetting, and (iii) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1; and against all Defendants for (i) civil conspiracy, (ii) misappropriation of trade secrets, (iii) intentional infliction of emotional distress, (iv) negligent infliction of emotional distress, and (v) unjust enrichment,.

{6} On May 21, 2015, the Metropolitan Defendants filed their Motion to Dismiss, seeking the dismissal of all claims asserted against them in the Original Complaint. That same day, Bogosavac and Divljak filed the Dancers' Motion to Dismiss, similarly seeking dismissal of all claims asserted against them in the Original Complaint. None of the Defendants have yet filed an answer in this matter.

{7} On July 22, 2015, the Court held a hearing on the Motions to Dismiss, at which all parties were represented by counsel. During the hearing, all counsel requested that the Court stay discovery in this case pending the Court's resolution of the Motions to Dismiss. Thereafter, on July 24, 2015, the Court entered an Order staying all activity in the case pending the Court's resolution of the Motions to Dismiss (the "July 24, 2015 Order").

{8} On August 14, 2015, Plaintiffs filed their Motion to Amend, seeking leave to file the proposed Amended Complaint attached as Exhibit A to the Motion to Amend. (*See* Pls.' Mot. to Amend, Ex. A.)

II.

ANALYSIS

{9} Rule 15(a) of the North Carolina Rules of Civil Procedure states that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." N.C. R. Civ. P. 15(a) (2014).

{10} The North Carolina Court of Appeals has held that "[f]or the purposes of [Rule 15(a)], a Rule 12(b)(6) motion to dismiss is not a responsive pleading and thus does not itself terminate plaintiff's unconditional right to amend a complaint under Rule 15(a)." *Hardin v. York Mem'l Park*, 221 N.C. App. 317, 320, 730 S.E.2d 768, 773 (2012) (internal quotation marks omitted) (citing *Brisson v. Kathy A.*

*Santoriello, M.D., P.A.*, 134 N.C. App. 65, 68, 516 S.E.2d 911, 913 (1999)); *see also Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987) (to similar effect).

{11} Based on the Court's review of the court file, it appears undisputed that while all Defendants have filed motions to dismiss under Rule 12(b)(6), no Defendant has yet to file an answer in response to Plaintiffs' Original Complaint. As a result, the Court concludes that none of the Defendants have filed a responsive pleading in this case as contemplated under Rule 15(a) and, therefore, that Plaintiffs retain the right to amend their Original Complaint as a matter of course and that Plaintiffs' Motion to Amend was unnecessary to effect the amendment in these circumstances. The Court will therefore deem the Amended Complaint attached as Exhibit A to Plaintiffs' Motion to Amend to be filed effective upon the date of the entry of this Order and Opinion.

{12} The Court further concludes that the filing of the Amended Complaint renders moot Defendants' Motions to Dismiss the Original Complaint. *See, e.g., Houston v. Tillman*, 760 S.E.2d 18, 20 (N.C. Ct. App. 2014) (plaintiff's amendment of the complaint rendered any argument regarding the original complaint moot); *Coastal Chem. Corp. v. Guardian Indus., Inc.*, 63 N.C. App. 176, 178, 303 S.E.2d 642, 644 (1983) (noting trial court found defendant's motion to dismiss plaintiff's original complaint presented a "moot question" when trial court granted plaintiff's motion to amend); *Mooring Capital Fund, LLC v. Comstock N. Carolina,* 2009 NCBC LEXIS 32, at *4 n.2 (N.C. Super. Ct. Nov. 13, 2009) ("Plaintiff's subsequent filing of an Amended Complaint rendered moot the Defendants' initial Motion to Dismiss the Complaint, and therefore the court does not consider it herein.").

{13} Accordingly, the Court concludes that Defendants' Motions to Dismiss should be dismissed as moot, without prejudice to Defendants' rights to move to dismiss the Amended Complaint as Defendants may deem appropriate under applicable law, any such motion to be timely filed in accordance with Rule 12 of the North Carolina Rules of Civil Procedure.

III.

CONCLUSION

{14} **IT IS THEREFORE ORDERED, ADJUDGED** and **DECREED** as follows:

a. Plaintiffs' Motion to Amend is **GRANTED**;

b. Plaintiffs' Amended Complaint attached as Exhibit A to Plaintiffs' Motion to Amend is hereby deemed filed as of the date of entry of this Order;

c. The Motions to Dismiss are hereby **DENIED** as moot, without prejudice to Defendants' rights to respond to Plaintiffs' Amended Complaint as Defendants may deem appropriate under applicable law.

d. Defendants' answer or other response to Plaintiff's Amended Complaint shall be due in accordance with the requirements of Rule 12 of the North Carolina Rules of Civil Procedure.

e. In the event Defendants move to dismiss Plaintiffs' Amended Complaint, the parties may rely on their prior briefing in connection with the Motions to Dismiss the Original Complaint, as the parties may deem appropriate, upon notice to the Court, such notice to be provided in compliance with the briefing deadlines set forth in the General Rules of Practice and Procedure for the North Carolina Business Court; and

f. The Court's July 24, 2015 Order staying all activity in this case is hereby dissolved and of no further force and effect.

**SO ORDERED**, this the 24th day of August, 2015.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
 for Complex Business Cases