Total Merch. Servs., LLC v. TMS NC, Inc., 2022 NCBC 42.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

TOTAL MERCHANT SERVICES, LLC,

    Plaintiff,

v.

TMS NC, INC. AND CHRISTOPHER
COLLINS,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 5801

**ORDER AND OPINION ON
PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' COUNTERCLAIMS
AND DEFENDANTS' MOTION FOR
LEAVE TO AMEND**

1.    **THIS MATTER** is before the Court upon Plaintiff Total Merchant Services, LLC's ("Plaintiff" or "TMS") Motion to Dismiss Defendant TMS NC, Inc.'s ("TMS NC") Counterclaims (the "Motion to Dismiss")[1] under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)") filed 8 April 2022 and Defendants TMS NC and Christopher Collins' ("Collins") Amended Motion for Leave to File Amended Counterclaims and Add Additional Parties (the "Motion to Amend")[2] under Rule 15 filed 17 May 2022 (together, the "Motions").

2.    Having considered the Motions, the related briefs, the arguments of counsel at the hearing on the Motions, and other appropriate matters of record, the Court hereby **GRANTS in part** and **DENIES in part** the Motions.

*Councill, Gunnemann & Chally, LLC, by Joshua P. Gunnemann, and Ellis & Winters LLP, by Thomas H. Segars and Jeremy Falcone, for Plaintiff Total Merchant Services, LLC.*

---

[1] (Pl.'s Mot. Dismiss Def. TMS NC's Countercls. [hereinafter "Mot. Dismiss"], ECF No. 79.)

[2] (Defs.' Am. Mot. for Leave to File Am. Countercls. and Add Additional Parties [hereinafter "Am. Mot. to Amend Countercls."], ECF No. 111.)

*Hatcher Legal, PLLC, by Nichole M. Hatcher and Erik P. Lindberg, for*
*Defendants TMS NC, Inc. and Christopher Collins.*

Bledsoe, Chief Judge.

I.

PROCEDURAL BACKGROUND

3.      TMS initiated this action in Wake County Superior Court on 28 April 2021, asserting various claims and seeking a preliminary injunction.[3]  Before the Motion for Preliminary Injunction was heard, Defendants removed the case to the United States District Court for the Eastern District of North Carolina, Western Division, on 8 June 2021.[4]  The case was later remanded to the Superior Court of North Carolina on 16 December 2021 upon the federal court's conclusion that the case had been improperly removed and the federal court's resulting imposition of sanctions against Defendants.[5]

4.      On 9 June 2021, Defendant Collins filed his Answer and Motion to Dismiss,[6] and Defendant TMS NC filed its Answer with Counterclaims and Third-Party Claims (separately, the "Original Answer" or the "Original Counterclaim(s)").[7]

---

[3] (*See generally* Compl., ECF No. 2; Mot. Prelim. Inj., ECF No. 4.)

[4] (Notice of Removal, ECF No. 29.)

[5] (Order, ECF No. 56.)

[6] (Def. Collins' Orig. Answer and Mot. Dismiss, ECF No. 33.)

[7] (Def. TMS NC's Answer with Countercls. and Third-Party Claims [hereinafter "Orig. Answer and Countercls."], ECF No. 34.)  The answer and counterclaims paragraphs of ECF No. 34 are separately numbered, so to avoid ambiguity, the answer portion (including Defendants' affirmative defenses, which are not marked by paragraph numbers) will be cited to as "Orig. Answer" and the counterclaims portion will be cited to as "Orig. Countercls." Additionally, the numbering of paragraphs in the Original Counterclaims is non-sequential, jumping at page 19 from paragraph 43 to paragraph 21.  To avoid confusion, the Court cites

5.     On 8 April 2022, Plaintiff filed the Motion to Dismiss[8] simultaneously with its Answer to Counterclaims and Third-Party Claims.[9]

6.     On 5 May 2022, Defendants filed a Motion for Leave to Amend Counterclaims and Add Additional Parties.[10]   The Court summarily denied Defendants' motion without prejudice because Defendants failed to comply with Business Court Rules 7.2 and 7.3 in presenting the motion.[11]

7.     On 17 May 2022, Defendants filed the Motion to Amend[12] along with Defendants' proposed Amended Answer and Counterclaims (the "Amended Answer and Counterclaims," separately, the "Amended Answer" or the "Amended Counterclaim(s)").[13]

---

to both page number and paragraph number where appropriate (for example: "Orig. Countercls. at 18 ¶ 37").

[8] (Mot. Dismiss.)

[9] (Pl.'s Answer to Def. TMS NC, Inc.'s Answer with Countercls. and Third-Party Claims, ECF No. 81.)

[10] (Defs.' Mot. for Leave to Amend Countercls. and Add Additional Parties, ECF No. 97.)

[11] (Order Summarily Denying Without Prejudice Defs. TMS NC, Inc.'s Mot. for Leave to Amend Countercls. and Add Additional Parties, ECF No. 99.)

[12] (Am. Mot. to Amend Countercls.)

[13] (Defs. TMS NC and Collins' Proposed Am. Answer with Countercls. [hereinafter "Am. Answer and Countercls."], ECF No. 112.2.)  The answer and counterclaims paragraphs of ECF No. 112.2 are separately numbered, so to avoid ambiguity, the answer portion (including Defendants' affirmative defenses) will be cited to as "Am. Answer" and the counterclaims portion will be cited to as "Am. Countercls."  Additionally, the numbering of paragraphs in the Amended Counterclaims is non-sequential, jumping at page 20 from paragraph 43 to paragraph 37.  To avoid confusion, the Court cites to both page number and paragraph number where appropriate (for example: "Am. Countercls. at 19 ¶ 37").

8.     After full briefing, the Court held a hearing on the Motion to Dismiss and the Motion to Amend on 15 June 2022 (the "Hearing"), at which all parties were represented by counsel.[14]

9.     The Motions are now ripe for resolution.

II.

LEGAL STANDARD

10.     When a party seeks leave of court to amend a pleading, "leave shall be freely given when justice so requires." N.C. R. Civ. P. 15(a). "A motion to amend is addressed to the sound discretion of the trial [court]" and is reviewable only for abuse of discretion. *House of Raeford Farms, Inc. v. Raeford,* 104 N.C. App. 280, 282 (1991). A motion to amend may be denied for "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Id.* at 282–83.

11.     "The futility standard under Rule 15 is essentially the same standard used in reviewing a motion to dismiss under Rule 12(b)(6)[.]" *Simply the Best Movers, LLC v. Marrins' Moving Sys.*, 2016 NCBC LEXIS 28, at *5 (N.C. Super. Ct. Apr. 6, 2016). When considering a motion to dismiss under Rule 12(b)(6), the Court views the allegations in the pleading at issue "in the light most favorable to the non-moving party[,]" *Christenbury Eye Ctr., P.A. v. Medflow, Inc.*, 370 N.C. 1, 5 (2017) (quoting *Kirby v. N.C. Dep't of Transp.*, 368 N.C. 847, 852 (2016)), and "determine[s] whether the allegations of the complaint, if treated as true, are sufficient to state a claim upon

---

[14] (*See* Scheduling Order and Notice of Hr'g and Case Mgmt. Conf., ECF No. 124.)

which relief may be granted under some legal theory[,]" *Corwin v. British Am. Tobacco PLC*, 371 N.C. 605, 615 (2018) (quoting *CommScope Credit Union v. Butler & Burke, LLP*, 369 N.C. 48, 51 (2016)).

12.     "[T]he [pleading] is to be liberally construed, and the trial court should not dismiss the [pleading] unless it appears beyond doubt that [the] [pleader] could prove no set of facts in support of his claim which would entitle him to relief." *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 444 (2008) (quoting *Meyer v. Walls*, 347 N.C. 97, 111–12 (1997) (fourth alteration in original)).  Dismissal of a pleading under Rule 12(b)(6) is proper only: "(1) when the [pleading] on its face reveals that no law supports [the] claim; (2) when the [pleading] reveals on its face the absence of fact sufficient to make a good claim; [or] (3) when some fact disclosed in the [pleading] necessarily defeats the . . . claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278 (1985).

13.     Where, as here, a motion for leave to amend a pleading is made while a motion to dismiss the original pleading is pending, the Court may deny the motion to amend on grounds of futility if the amended claims fail to state a claim under Rule 12(b)(6) and thereafter consider the motion to dismiss the claims as originally asserted.  *See, e.g.*, *Walker v. Sloan*, 137 N.C. App. 387, 402–03 (2000) (affirming the denial of an oral motion to amend during the hearing on a motion to dismiss, in part, for futility, and also affirming the dismissal, in part, of the original complaint); *Beau Rivage Homeowners Ass'n v. Billy Earl, L.L.C.*, 163 N.C. App. 325, 328 (2004)

(affirming trial court's decision to deny motion to amend and grant motion to dismiss original complaint).

### III.

### ANALYSIS

14. Defendants seek leave to file an Amended Answer and Counterclaims that would:

(i) omit six Original Counterclaims—Civil Conspiracy (Count III), Accounting (Count V), Negligent Interference with Prospective Economic Advantage (Count X), Intentional Interference with Contractual Relations (Count XI), RICO (Count XII), and RICO (Count XII [sic]) (the "Omitted Counterclaims");[15]

(ii) add three affirmative defenses—Unclean Hands (Ninth Affirmative Defense), Indemnification (Tenth Affirmative Defense), and Substantial Performance (Eleventh Affirmative Defense)—as well as new factual allegations in support of certain existing affirmative defenses and amended prior admissions (together, the "New Affirmative Defenses");[16]

(iii) recast North American Bancard Holdings, LLC and North American Bancard, LLC (the "NAB Defendants")[17]—who had been named as

---

[15] (*Compare* Orig. Countercls. at 19–20 ¶¶ 21–28, at 21–22 ¶¶ 34–40, and ¶¶ 54–94 *with* Am. Countercls.)

[16] (*Compare* Orig. Answer ¶¶ 15, 34, and at 8–10 (listing two admissions and eight affirmative defenses) *with* Am. Answer ¶¶ 15, 34, and 64–82 (modifying the two admissions and listing eleven affirmative defenses).)

[17] In their Amended Counterclaims, Defendants state: "For the sake of simplicity, all Plaintiffs/Counter-Defendants shall be referred to collectively hereafter as 'Counter-

third-party defendants pursuant to Rule 14 in the Original Counterclaims—as counterclaim defendants pursuant to Rule 13 on all of Defendants' remaining counterclaims against Plaintiff;[18] and

(iv)     reassert five Original Counterclaims—Breach of Contract (Count I), Breach of the Covenant of Good Faith and Fair Dealing (Count II), Unjust Enrichment (Count III), Unfair and Deceptive Trade Practices (Count IV), and Declaratory Judgment (Count V) but supported by new and additional allegations (the "Reasserted Counterclaim(s)").[19]

15.     The Court will address each of these categories of proposed amendments in turn.

---

Defendants" or NAB/TMS." (Am. Countercls. ¶ 7.) Defendants' allegations thereafter treat North American Bancard, LLC, which Defendants define as "NAB," and TMS as one and the same, and Defendants use the terms "NAB" and "TMS" interchangeably.

[18] (*Compare* Orig. Countercls. ¶¶ 1–2 *with* Am. Countercls. ¶¶ 1–2.) Defendants also sought to recast three individual defendants who had been named in the Original Counterclaims as third-party defendants pursuant to Rule 14—Marc Gardner ("Gardner"), David Greenberg ("Greenberg"), and Kirk Haggerty ("Haggerty") (together, the "Individual Counterclaim Defendants")—as counterclaim defendants pursuant to Rule 13 in the Amended Counterclaims. (*Compare* Orig. Countercls. ¶¶ 3–5 *with* Am. Countercls. ¶¶ 3–5.) Defendants initially asserted amended counterclaims against the Individual Counterclaim Defendants, the NAB Defendants, and Plaintiff for Fraud/Intentional Misrepresentation (Count VI), Negligent Misrepresentation (Count VII), and Constructive Fraud (Count VIII). (*See* Am. Answer and Countercls.) At the Hearing, however, Defendants' counsel withdrew Defendants' Motion to Amend to the extent it sought to recast the Individual Counterclaim Defendants as counterclaim defendants and to the extent it sought to assert these three amended counterclaims. The Court therefore denies the Motion to Amend to this extent.
[19] (*Compare* Orig. Countercls. at 16–19 ¶¶ 23–43, at 20–21 ¶¶ 29–33, and at 22–23 ¶¶ 41–53 *with* Am. Countercls. at 18–20 ¶¶ 23–43, and at 20–23 ¶¶ 37–61.)

A.  The Omitted Counterclaims

16.  Defendants' Amended Answer and Counterclaims effectively dismisses the Omitted Counterclaims, so Plaintiff, predictably, does not object to this aspect of the Motion to Amend.  Accordingly, the Court grants the Motion to Amend to this extent and hereby orders that Defendants may file an Amended Answer and Counterclaims that does not include the Omitted Counterclaims and is otherwise substantially in the form attached to Defendants' brief in support of its Motion to Amend at ECF No. 112.2, as modified by the Court's rulings in this Order and Opinion.

B.  The New Affirmative Defenses

17.  Plaintiff objects to the New Affirmative Defenses on procedural grounds, correctly noting that Defendants seek leave to amend their Original Counterclaims but fail to highlight to the Court in their briefing that they also seek to add new affirmative defenses and additional supporting allegations in their Amended Answer.[20]  Plaintiff also contends that Defendants have unduly delayed this action by waiting over a year to assert the New Affirmative Defenses, requiring that this aspect of Defendants' Motion to Amend be denied.[21]

18.  While the Court is troubled by Defendants' lack of candor in its briefing, the Court nonetheless concludes that Plaintiff has not been unfairly prejudiced by

[20] (Pl.'s Resp. Opp'n to Defs.' Am. Mot. for Leave to File Am. Countercls. and Add Additional Parties (ECF No. 111) 2, 18–19 [hereinafter "Pl.'s Resp. Mot. Am. Countercls."], ECF No. 140.)
[21] (Pl.'s Resp. Mot. Am. Countercls. 18–19.)

Defendants' briefing on the Motion to Amend, that Defendants' delay in seeking to assert its New Affirmative Defenses is not undue in these circumstances, and that justice otherwise is served by permitting Defendants to assert the New Affirmative Defenses in this action. The Court therefore grants the Motion to Amend with respect to the New Affirmative Defenses and hereby orders that Defendants may file an Amended Answer and Counterclaims that includes the New Affirmative Defenses and is otherwise substantially in the form attached to Defendants' brief in support of its Motion to Amend at ECF No. 112.2, as modified by the Court's rulings in this Order and Opinion.

### C. Recasting the NAB Defendants as Counterclaim Defendants

19. Plaintiff objects to Defendants' recasting the NAB Defendants as counterclaim defendants on both procedural and substantive grounds. First, Plaintiff contends that Defendants have failed to plead facts showing that this Court may exercise personal jurisdiction over the NAB Defendants.[22] Second, Plaintiff argues that Defendants' Amended Counterclaims against the NAB Defendants are fatally deficient in numerous respects, mandating their dismissal, and thus rendering futile Defendants' Motion to Amend to add the NAB Defendants as parties to this action.[23]

20. The Court need only address Plaintiff's first contention. For a court to exercise personal jurisdiction over a non-resident defendant, "there must exist certain minimum contacts between the non-resident defendant and the forum such that the

[22] (Pl.'s Resp. Mot. Am. Countercls. 7–11.)
[23] (Pl.'s Resp. Mot. Am. Countercls. 11–20.)

maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tom Togs, Inc., v. Ben Elias Indus. Corp.*, 318 N.C. 361, 365 (1986) (cleaned up). The minimum contacts test requires "some act by which the defendant purposefully avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws[.]" *Id.*

21. Under North Carolina law, where, as here, a party challenging personal jurisdiction "makes a motion to dismiss without submitting any opposing evidence, then the allegations of the [opposing party's pleading] must disclose jurisdiction although the particulars of jurisdiction need not be alleged." *Howe v. Links Club Condo. Ass'n*, 263 N.C. App. 130, 138 (2018) (cleaned up). In that circumstance, "[t]he trial judge must decide whether the [pleading] contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction." *Id.* (quoting *Parker v. Town of Erwin*, 243 N.C. App. 84, 96 (2015)).

22. Defendants fail to satisfy this minimal pleading burden here. The only jurisdictional allegations Defendants make concerning either NAB Defendant are that each is a Michigan limited liability company with its principal place of business in Michigan and that the Court has "both personal jurisdiction over the parties and subject matter jurisdiction over this matter."[24] Defendants do not allege that either NAB Defendant engaged in any conduct in or directed to North Carolina at any time, entered into any contract that was to be performed in North Carolina, or took any

---

[24] (Am. Countercls. ¶¶ 1–2, 9.)

action that could be seen as purposely availing itself of the privilege of conducting business in North Carolina.  Although Defendants allege that the NAB Defendants acted "through" or "on behalf of" TMS and that "NAB" took specific actions vis-à-vis Defendants in its own right, Defendants do not allege where any such alleged action occurred, and, in particular, whether any of the NAB Defendants' conduct occurred in or was directed to North Carolina.[25]  As a result, the Court concludes that Defendants have failed to plead sufficient facts in the Amended Counterclaims to show that this Court has personal jurisdiction over either NAB Defendant.

23.    Accordingly, the Court denies Defendants' Motion to Amend to the extent Defendants seek leave to assert counterclaims against the NAB Defendants because Defendants' proposed amendment is futile for lack of personal jurisdiction. The Court's decision, however, is without prejudice to Defendants' right to seek leave to amend to add either NAB Defendant as a counterclaim defendant should Defendants identify and plead facts sufficient to establish personal jurisdiction over either NAB Defendant in this forum.[26]  The Court's ruling is also without prejudice to Plaintiff's right to oppose any such motion for leave to amend on any ground, including lack of personal jurisdiction and futility.

---

[25] (*See, e.g.*, Am. Countercls. ¶ 12.)

[26] Defendants are reminded, however, that in order to seek leave to assert any counterclaims against the NAB Defendants, Defendants must satisfy their duty under Rule 11 to certify that "to the best of [the signing person's] knowledge, information, and belief formed after reasonable inquiry [the motion or other paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

24.	In addition, in light of the Court's ruling, and because the Original Counterclaims against the NAB Defendants[27] contain the same fatal jurisdictional deficiencies as the Amended Counterclaims, the Court grants Defendants' Motion to Dismiss Defendant's Original Counterclaims against the NAB Defendants, and those counterclaims are dismissed without prejudice.

25.	These same jurisdictional deficiencies likewise doom Defendants' Original Counterclaims against the Individual Counterclaim Defendants.[28]  Indeed, Defendants allege in their Original Counterclaims only that each Individual Counterclaim Defendant is a resident of Michigan.[29]  Defendants do not allege that any of the Individual Counterclaim Defendants engaged in any conduct in or directed to North Carolina at any time, entered into any contract that was to be performed in North Carolina, or took any action that could be seen as purposely availing himself of the privilege of conducting business in North Carolina.  In fact, other than to aver their residence, Defendants do not mention Gardener and Greenberg anywhere in the

---

[27] Although Defendants title their claims against the NAB and Individual Counterclaim Defendants as "third-party claims" in their Original Counterclaims, (Orig. Countercls. ¶¶ 11–30), Defendants do not allege that either set of "third-party" Defendants are liable to Defendants "for all or part of [Plaintiff's] claim[s] against" Defendants as required for third-party practice under Rule 14.  N.C. R. Civ. P. 14(a).  To the contrary, Defendants allege independent causes of action against these Defendants, which, if brought in this action, must be brought as counterclaims under Rule 13.  The Court therefore treats Defendants' "third-party" claims against the NAB and Individual Counterclaim Defendants as set forth in the Original Counterclaims as counterclaims subject to Plaintiff's Motion to Dismiss.

[28] It is unclear whether Defendants' counsel intended to withdraw Defendants' Original Counterclaims against the Individual Counterclaim Defendants when he declared at the Hearing that Defendants were withdrawing the Amended Counterclaims against these individual Defendants.  As a result, the Court addresses the Original Counterclaims against these Defendants out of an abundance of caution.

[29] (Orig. Countercls. ¶¶ 3–6.)

Original Counterclaims and mention Haggerty only in reference to a meeting he attended in Scottsdale, Arizona.[30] In short, Defendants have failed to plead sufficient facts in the Original Counterclaims to show that this Court has personal jurisdiction over any of the Individual Counterclaim Defendants. The Court therefore grants Defendants' Motion to Dismiss Defendant's Original Counterclaims against the Individual Counterclaim Defendants, and those counterclaims are dismissed without prejudice.

D. The Reasserted Counterclaims

26. Plaintiff moves to dismiss under Rule 12(b)(6) Defendants' Reasserted Counterclaims as pleaded in the Original Counterclaims and contends that Defendants' Motion to Amend to allege the Reasserted Counterclaims in their amended form should be denied as futile because Defendants' proposed amendments have not cured the fatal deficiencies Plaintiff previously identified in those claims.[31] The Court addresses the parties' arguments concerning each of the Reasserted Counterclaims in turn.

1. Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

27. To plead a claim for breach of contract, a party must allege the "(1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). As a result, "stating a claim for breach of contract is a

[30] (Orig. Countercls. ¶ 14).

[31] (Pl.'s Resp. Mot. Am. Countercls. 12–18.)

relatively low bar." *Vanguard Pai Lung, LLC v. Moody*, 2019 NCBC LEXIS 39, at *11 (N.C. Super. Ct. June 19, 2019).

28. Here, Plaintiff identifies certain pleading infirmities that it contends render the Reasserted Counterclaim for breach of contract fatally deficient: first, that Defendants allege only a breach of a 22 January 1998 agreement between TMS NC and "NAB's predecessor," not TMS,[32] and second, assuming that Defendants intended to claim breach of the 2008 Sales Representation Agreement between TMS and TMS NC (the "2008 Agreement") that is at the heart of the parties' dispute, Defendants allege that Plaintiff breached provisions of that agreement that do not impose affirmative duties on Plaintiff.[33] As such, Plaintiff argues that the Reasserted Counterclaim is subject to dismissal and thus leave to amend should be denied as futile.[34]

29. The Court disagrees. Although Defendants' Reasserted Counterclaim for breach of contract is far from a model of clarity, the Court concludes that, viewed in the light most favorable to Defendants, the Reasserted Counterclaim is sufficiently stated to put Plaintiff on notice that Defendants allege that Plaintiff breached the 2008 Agreement and, further, that Plaintiff's alleged breach of that Agreement is not confined to paragraphs 5(c)(i) and 5(d) thereunder.

---

[32] (Am. Countercls. ¶ 23.)

[33] (Am. Countercls. at 19 ¶ 37.)

[34] (Pl.'s Resp. Mot. Am. Countercls. 13–18.)

30. In particular, while Defendants specifically reference the agreement TMS NC and "NAB's predecessor" entered into on 22 January 1998 and do not identify the 2008 Agreement by its title, Defendants allege that there was a NAB "takeover" of TMS;[35] that the alleged 22 January 1998 agreement "was amended many times;"[36] that the parties agreed to an October 2018 amendment variously described as the "October 2018 Amendment,"[37] the "October 2018 Exclusivity Addendum,"[38] and the "October 2018 Addendum;"[39] and that Plaintiff violated subsections 5(c)(1) and 5(d) of the "Agreement,"[40] subsections which appear in the 2008 Agreement and directly concern Defendants' pleaded subject matter. The Court concludes that these allegations sufficiently identify the 2008 Agreement as the agreement on which Defendants base their Reasserted Counterclaim for breach of contract.

31. In addition, paragraphs 21 and 22 of the Amended Counterclaims specifically allege that "NAB" breached what the Court has concluded is the 2008 Agreement "by failing to provide proper payment [thereunder] to TMSNC" and suffered damages as a result. Plaintiff's payment obligation under the 2008

---

[35] (Am. Countercls. ¶ 13.)

[36] (Am. Countercls. ¶ 23.)

[37] (Am. Countercls. ¶¶ 13, 21.)

[38] (Am. Countercls. ¶ 12.)

[39] (Am. Countercls. ¶ 19.)

[40] (Am. Countercls. ¶ 29, at 19 ¶ 37.)

Agreement, however, is contained in subsection 3 and Exhibit A of the 2008 Agreement, not in subsections 5(c)(1) or 5(d), thereby indicating that Defendants' Reasserted Counterclaim for breach is not limited to the two subsections identified in paragraphs 29 and 37 of the Amended Counterclaims.[41]  *See, e.g.*, *Greene v. Tr. Servs. of Carolina, LLC*, 244 N.C. App. 583, 590 (2016) ("When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." (quoting *Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, 228 N.C. App. 142, 144 (2013))).

32.     The Court therefore grants this aspect of Defendants' Motion to Amend and hereby grants Defendants leave to assert their proposed Reasserted Counterclaim against Plaintiff for breach of contract substantially in the form attached to Defendants' brief in support of its Motion to Amend at ECF No. 112.2, as modified by the Court's rulings in this Order and Opinion.  In addition, because "[t]here is implied in every contract a covenant by each party not to do anything which will deprive the other parties thereto of the benefits of the contract,*" Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 451 (2015) (emphasis omitted) (quoting *Bicycle Transit Auth. v. Bell*, 314 N.C. 219, 228 (1985)), the Court also hereby grants Defendants leave to assert their proposed Reasserted Counterclaim against Plaintiff for breach of the covenant of good faith and fair dealing, likewise substantially in the form attached to Defendants' brief in support of its Motion to

---

[41] (*See* Compl. Ex. A at ¶ 3, Ex. A.)

Amend at ECF No. 112.2, as modified by the Court's rulings in this Order and Opinion.

33.     In light of the Court's rulings, Plaintiff's Motion to Dismiss Defendants' Original Counterclaims for breach of contract and for breach of the covenant of good faith and fair dealing is hereby denied as moot. *See, e.g.*, *Coastal Chem. Corp. v. Guardian Indus., Inc.*, 63 N.C. App. 176, 178 (1983) (noting defendant's motion to dismiss plaintiff's original complaint presented a "moot question" when trial court granted plaintiff's motion to amend).

### 2. Unjust Enrichment

34.     Defendants seek leave to reassert a counterclaim against Plaintiff for unjust enrichment, presumably as an alternative to their breach of contract claim. But as Plaintiff points out, here both Plaintiff, in its Complaint,[42] and Defendants, in their Answer[43] and again in their Original Counterclaims[44] and even in the unjust enrichment count of their Amended Counterclaims,[45] allege the existence of the 2008 Agreement that Plaintiff and Defendants each contend was breached. North Carolina law has long recognized that where, as here, "there is a contract between the parties, the contract governs the claim, and the law will not imply a contract." *SciGrip, Inc. v. Osae*, 373 N.C. 409, 432 (2020) (cleaned up); *see also Miriam Equities, LLC v. LB-*

---

[42] (Compl. ¶¶ 13–24.)

[43] (Orig. Answer ¶¶ 13–24.)

[44] (Orig. Countercls. ¶¶ 12–37.)

[45] (Am. Countercls. at 21 ¶ 42.)

*UBS 2007-C2 Millstream Road, LLC*, 2020 NCBC LEXIS 2 at \*5–6 (N.C. Super. Ct. Jan. 9, 2020) (to similar effect).

35.     Accordingly, given that the parties do not dispute the existence of the 2008 Agreement and both Plaintiff and Defendants assert claims based on its alleged breach, the Court hereby denies Defendants' Motion to Amend to assert their Reasserted Counterclaim against Plaintiff for unjust enrichment as futile and grants Plaintiff's Motion to Dismiss that counterclaim as originally asserted, and the Original Counterclaim against Plaintiff for unjust enrichment is hereby dismissed with prejudice.

### 3. Unfair and Deceptive Trade Practices

36.     Plaintiff contends that Defendants should not be permitted to reassert their Original Counterclaim against Plaintiff under N.C.G.S. § 75-1.1 because Defendants have failed to allege an unfair or deceptive act or practice.[46]  The Court agrees.

37.     This Court has previously noted that "[i]t is well recognized that actions for unfair or deceptive trade practices are distinct from breach of contract and that a party's breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under Chapter 75." *Forest2Market, Inc. v. Arcogent, Inc.*, 2016 NCBC LEXIS 3, at \*14 (N.C. Super. Ct. Jan. 5, 2016) (cleaned up).  Where an unfair or deceptive act or practice is based on breach of contract, "[a] party must therefore show 'substantial aggravating circumstances' accompanying the breach of contract to

---

[46] (Pl.'s Resp. Mot. Am. Countercls. 12–13.)

sustain its Chapter 75 claim." *Id.* (citation omitted); *see, e.g., Tillery Envtl. LLC v. A&D Holdings, Inc.*, 2017 NCBC LEXIS 68, at *9 (N.C. Super. Ct. Aug. 4, 2017) ("North Carolina case law is clear that a willful or intentional breach of contract is not on its own sufficiently unfair or deceptive to support a section 75-1.1 claim.").

38. Here, Defendants' Chapter 75 counterclaim, both as originally asserted and in its amended form, centers exclusively on Plaintiff's repeated, intentional breach of its obligations under the 2008 Agreement, as amended in October 2018.[47] And although our Supreme Court has recognized that "unfairness or deception either in the formation of the contract or in the circumstances of its breach may establish the existence of substantial aggravating circumstances sufficient to support an unfair and deceptive trade practices claim," *SciGrip, Inc.*, 373 N.C. at 426 (cleaned up), no such allegations have been made here.

39. Viewing Defendants' allegations in the light most favorable to Defendants, the Court concludes that Defendants have, at most, pleaded a knowing and intentional breach of contract. Our courts have made clear that such is not enough to plead substantial aggravating circumstances sufficient to sustain a claim under section 75-1.1 based on breach of contract. *Id.* at 427 (noting that "an intentional breach of contract, standing alone, simply does not suffice to support the assertion of an unfair and deceptive trade practices claim"); *see, e.g., Martin Communs., LLC v. Flowers*, 2021 NCBC LEXIS 30, at *18–19 (N.C. Super. Ct. Mar.

---

[47] (*See* Am. Countercls. ¶¶ 48–51 (charging Portfolio Merchants and TMS NC under the Agreement for failure to return equipment that had actually been returned), 52 (assessing fees and penalties allegedly permitted under the Agreement), and 53 (failure to provide reliable and workable equipment to merchants as required under the Agreement).)

31, 2021) (dismissing UDTPA claim based on breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment for failure to plead substantial aggravating circumstances).

40. Accordingly, the Court hereby denies Defendants' Motion for leave to assert their Reasserted Counterclaim against Plaintiff under Chapter 75 and grants Plaintiff's Motion to Dismiss Defendants' Original Counterclaim under Chapter 75, and that Original Counterclaim is hereby dismissed with prejudice.

### 4. Declaratory Judgment

41. Plaintiff also challenges Defendants' Original and Amended Counterclaim for declaratory judgment, contending that "[b]ecause the counterclaims in this case are all improperly plead [sic], TMS NC is not entitled to declaratory relief as to any of them[.]"[48]

42. Defendants' Reasserted Counterclaim for declaratory judgment requests a declaration that the 2008 Agreement, as amended by the October 2018 Amendment/Exclusivity Addendum, be declared "void *ab initio*."[49] Because, as explained above, the Court will grant Defendants leave to assert Defendants' Reasserted Counterclaims against Plaintiff for breach of contract and breach of the covenant of good faith and fair dealing, the Court likewise grants Defendants' Motion to Amend to hereby grant Defendants leave to assert their Reasserted Counterclaim for declaratory judgment substantially in the form attached to Defendants' brief in

---

[48] (Mem. Supp. Pl.'s Mot. Dismiss Def. TMS NC's Countercls. 20, ECF No. 80.)

[49] (Am. Countercls. ¶ 60.)

support of its Motion to Amend at ECF No. 112.2, as modified by the Court's rulings in this Order and Opinion. In light of the Court's ruling, Plaintiff's Motion to Dismiss Defendants' Original Counterclaim for declaratory judgment is hereby denied as moot.

IV.

CONCLUSION

43. **WHEREFORE**, for the foregoing reasons and, as to the Motion to Amend, in the exercise of the Court's discretion, the Court hereby orders as follows:

a. Defendants' Motion for Leave to Amend is **GRANTED** in part and **DENIED** in part as set forth above such that Defendants shall be granted leave to file an Amended Answer and Counterclaims, substantially in the form attached to Defendants' brief in support of its Motion to Amend at ECF No. 112.2, that:

    i. Includes the New Affirmative Defenses and the Reasserted Counterclaims against Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment; and

    ii. Excludes the Omitted Counterclaims, the Amended Counterclaims against the NAB Defendants and the Individual Counterclaim Defendants, and the Reasserted Counterclaims for unjust enrichment and for violation of N.C.G.S. § 75-1.1.

b. Plaintiff's Motion to Dismiss is **GRANTED in part** as set forth above and Defendants' Original Counterclaims against the NAB Defendants and the Individual Counterclaim Defendants are hereby dismissed without prejudice and Defendants' Original Counterclaims against Plaintiff for unjust enrichment and violation of N.C.G.S. § 75-1.1 are hereby dismissed with prejudice.

c. Plaintiff's Motion to Dismiss Defendants' Original Counterclaims against Plaintiff for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment is **DENIED** as moot as set forth above.

**SO ORDERED**, this 29th day of July 2022.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge